CATHARINE KERRIGAN, Administratrix, etc., Appellant, v.
WILLIAM FORCE, Executor, etc., NATHANIEL H. CLEMENT,
Purchaser, etc., Respondent.

The act of 1876, entitled "An act relating to the expenses of judicial
sales in the county of Kings" (chap. 439, Laws of 1876), is a local bill
within the meaning of the constitutional provision (art. 3, § 16), provid-
ing that no private or local bill shall contain more than one subject
which shall be expressed in the title.

The first section of said act providing that all sales upon judgments or
decrees, with certain exceptions, shall be made by the sheriff, is
embraced within the subject expressed in the title.

*Gaskin* v. *Meek* (42 N. Y., 186) distinguished.

Section second of said act prescribing the fees of the sheriff is not
violative of the constitutional provision (art. 3, § 18), prohibiting the
passage of a private or local bill increasing the fees of public officers
during their term of office; as it does not in terms apply to the sheriff
then in office, and may lawfully operate to affect the compensation of
future sheriffs, it will be presumed that such was the intention.

The first section of said act is not invalid because the sheriff then in office
could not avail himself of the second section.

Every intendment is in favor of the constitutionality of legislative enact-
ments, and courts will not adopt a doubtful construction for the purpose
of invalidating them.

(Argued January 30, 1877; decided February 6, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department affirming an order of
Special Term denying a motion on the part of plaintiff to
compel Nathaniel H. Clement, a purchaser, to complete his
purchase herein. (Reported below, 9 Hun, 185.)

This was an action for the foreclosure of a mortgage upon
premises in the county of Kings. The judgment was per-
fected in June, 1876, and directed a sale of the mortgaged
premises by a referee named, and the sale was so made. The
said purchaser objected to completing the purchase upon the
ground that a sale by a referee was void under the provisions
of the act chapter 439, Laws of 1876 (§ 1), which requires all
judicial sales in the county of Kings to be made by the

sheriff, unless the parties agree upon a referee, which it did not appear was done in this case.

*D. P. Barnard* for the appellant. Chapter 439, Laws of 1876, is unconstitutional, it being a local act, embracing two subjects, and increasing the fees of a local officer during the term for which he was elected. (*People* v. *McCann*, 16 N. Y., 61; *People* v. *Hill*, 35 id., 449; *People* v. *O'Brien*, 38 id., 193; *People* v. *Dudley*, 58 id., 323; *People* v. *Allen*, 42 id., 378; *People* v. *Suprs. Chaut. Co.*, 43 id., 10; *Gaskin* v. *Meek*, 42 id., 186.)

*B. F. Tracy* for the respondents. Chapter 439, Laws of 1876, is a constitutional and valid act. (*People* v. *Briggs*, 50 N. Y., 553; *People* v. *O'Brien*, 38 id., 193; *People* v. *Williams*, 24 id., 407; *People* v. *McCann*, 16 id., 58; *Connor* v. *Mayor*, 5 id., 285; *Burnham* v. *Acton*, 35 How. Pr., 48; *In re De Vancere*, 31 id., 289; *Holland's Case*, 4 Coke, 76; Bacon's Abr. Stat. F.; *Bretz* v. *Mayor*, 3 Abb. [N. S]., 480; *Pierce* v. *Kimball*, 9 Greenl., 54; *Burnham* v. *Webster*, 5 Mass., 256.) The subject of the act was sufficiently expressed in its title. (*People* v. *Lawrence*, 41 N. Y., 139; *In re Mayor*, 50 id., 507.)

CHURCH, Ch. J. This is an application to compel a purchaser under a foreclosure sale to complete his purchase. The sale was made by a referee in violation of the act chapter 439 of the Laws of 1876, which, in effect, enacts that sales in foreclosure cases, unless both parties agree upon a referee, shall be made by the sheriff of Kings county, and prescribes his fees on such sales. It is not questioned but that if this act is valid, the sale is irregular.

The constitutionality of the act is challenged upon two grounds:

First. That it violates that provision which declares that "no private or local bill which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title."

Second. That it violates the recent provision which prohibits the legislature from increasing the fees of public officers during their term of office.

I entertain no doubt that this is a local act within the meaning of the Constitution. It applies to an officer of a single county, and to the property and sales made therein. It is not general, and does not apply to the people of the whole State. True, all persons wherever living, in or out of the State, foreclosing mortgages in that county, would be bound by the act, and they would be so bound because they would then come within the operation of this local act.

This court (FOLGER, J., 43 N. Y., 10) defined the meaning of a local bill as follows: "The word 'local' as applied to a bill, act, or law, means such bill, act, or law, as touches but a portion of the territory of the State or part of its people, a fraction of the property of its citizens." Within this definition this is clearly a local act. It is confined to Kings county and to foreclosure sales made there. Property or sales, elsewhere, are not affected.

An act may be public and yet local, although the words "private" and "local," as applied to laws, are often and perhaps generally used as synonymous. In 43 New York (*supra*), the opinion intimates that private relates to persons, and local to territory. It is not material to inquire into the precise distinction, as the Constitution has wisely used both words. Upon this point the case of *Gaskin* v. *Meek* (42 N. Y., 186) is a direct authority.

Does the act embrace more than one subject, and is that subject expressed in the title? The title of the act is "An act relating to the expenses of judicial sales in the county of Kings." It is said that the first section which provides that all sales upon a judgment or decree of any court, except sales in partition, and where the sheriff is a party, unless both parties agree upon a referee, shall be made by the sheriff, is another subject from that expressed in the title. It is not necessary that the title should be perfect, or the most explicit that could be framed. In this case it is upon the general subject of the

expenses of judicial sales. Can it be said that restricting the right to one officer to conduct such sales, is entirely foreign to that subject? May it not relate to it? The degree of relation is not material. The legislature may have deemed the practice of appointing referees as an evil, and one which tended to increase the expense of such sales, and that the restriction was in the interest of economy and uniformity, and that by conferring the right to sell upon one officer, the fees might with more propriety be reduced. It has been repeatedly held that any means provided by an act for accomplishing the purpose of an act as expressed in the title, not clearly incongruous and foreign, will not render it invalid. (50 N. Y., 553.) As an original question, I think that the restriction might be deemed to relate to the expenses of judicial sales. The title is not the most expressive that could be made, but it seems to me not so inexpressive as to fall within the condemnation of the Constitution.

The case of *Gaskin* v. *Meek* (*supra*), is claimed to be a decisive authority against the validity of this act. The title in this case is more general. In that case the title was confined to the fees of the sheriff of New York. It was held that a restrictive clause, such as is contained in this act, was not expressed in the title. Such a provision may not strictly relate to the fees of the sheriff, while it may to the general subject of expenses. Without overruling the decision, we do not think it should be extended, and although the distinction between the two cases is somewhat narrow, it is sufficiently apparent to prevent that decision from being regarded as absolutely controlling.

Upon the second point, that the second section of the act increases the fees of a public officer, it is to be observed that it does not in terms apply to the sheriff then in office, and as that section may lawfully operate to affect the compensation of future sheriffs, we must presume that such was the intention. Although the sheriff, then in office, could not claim the benefit of that section, it is not, therefore, void, but will be allowed to operate as intended. The first section is not invalid,

because the sheriff in office could not avail himself of the privileges of the second section.

Every intendment is in favor of the constitutionality of laws passed by the legislature, and courts will not adopt a doubtful construction for the purpose of invalidating them.

A clear and substantial inconsistency with the fundamental law, must be found to justify their condemnation.

The order must be affirmed.

All concur, except FOLGER, J., not voting.

Order affirmed.