JOHN SHANLEY, APPELLANT, v. THE CITY OF BROOKLYN, RESPONDENT.

*Constitution — power of the legislature to authorize the common council of a city to fix salaries — Const., art. 3, sec. 18 — Patrolmen of a city police force are not public officers within the meaning of the constitution — 1877, chap. 459.*

Chapter 459 of 1877, entitled "An act in relation to the salaries, fees, per centages and allowances of the officers of the city of Brooklyn," authorized the common council to fix and regulate the salaries of various officers, clerks and subordinates of the city. It provided that if the common council did not act before January 1, 1878, the salaries should be as fixed by the act until changed by the action of the common council. It fixed the salary of patrolmen at $1,100 a year, which was the salary then fixed by the city charter. It excepted those cases in which the fees, per centages and allowances could not be increased or diminished under section 18 of article 3 of the Constitution.

October 28, 1878, the common council passed a resolution fixing the salaries of patrolmen at $1,000 a year.

*Held*, that the act of 1877 was not a violation of the said section of the Constitution, which prohibits the legislature from passing a private or local bill "creating, increasing or decreasing fees, per centages or allowances of public officers

during the term for which said officers are elected or appointed;" and that the resolution of the common council fixing the salary at $1,000 was valid.

*It seems,* that patrolmen upon the police force of cities are not "public officers" within the meaning of those words as used in the said section. That section refers only to those well known State or county officers which are elected or appointed for a certain time. (Per BARNARD, P. J.)

APPEAL from a judgment of the Special Term held in Kings county, entered upon a decision overruling the plaintiff's demurrer to the answer.

The plaintiff was duly appointed a patrolman of the Brooklyn police force, and continued to act as such down to January 5, 1881, or thereabouts. His compensation as such patrolman, as fixed by section 9 of title 11 of chapter 863 of the Laws of 1873 and chapter 459 of 1877, was $1,100, but during the years 1879 and 1880 he received for his services only $1,000 per annum. This action is to recover the difference. By way of defense the answer sets up a resolution of the common council, passed October 28, 1878, and approved by the mayor, whereby the patrolman's compensation was fixed at $1,000 per year, beginning with the 1st day of January, 1879. The resolution was passed in pursuance of an act of the legislature (Laws of 1877, chap. 459), entitled "An act in relation to the salaries, fees, per centages and allowances of the officers of the city of Brooklyn."

The statute of 1877 authorizes the common council to fix and regulate the salaries of nearly all the city officers; and provides that until the common council shall have acted the salaries shall remain as fixed by it. It fixed the salary of patrolmen at $1,100 a year.

Section 6 of the act provided that "the provisions of this act shall not apply to any officers who, under the provisions of the Constitution, cannot have their fees, per centages or allowances increased or diminished during their present terms of office; but said provisions shall apply to all of those hereafter elected or appointed to perform any service within the city of Brooklyn."

*Erastus Cooke,* for the appellant.

*John A. Taylor,* for the respondent.

BARNARD, P. J. :

By chapter 459 of the Laws of 1877, the legislature gave power to the common council of Brooklyn, to regulate the salaries of

patrolmen. The pay of those officers was fixed, by this act, at the sum of $1,100 per year, until action was had by the common council. Subsequently, by such action, the yearly compensation was reduced to $1,000 per year. The plaintiff, one of the patrolmen, claims that the reduction was illegal.· By article 3, section 18 of the Constitution, it is provided that " the legislature shall not pass a private or local bill in any of the following cases :   *   *   * Creating, increasing or decreasing fees, per centages or allowances of public officers during the term for which said officers are elected or appointed.   *   *   * The legislature shall pass general laws providing for the causes enumerated in this section."

The act of 1877 excepted those cases where the fees, per centages and allowances could not be increased or diminished by this provision of the Constitution. The act of 1877 does not offend against the Constitution. Municipal charters are subject to legislative amendment. These amendments are not made by general laws. The government of cities requires a local act applying to the particular city, and in view of its population and industries.

In the case of the *People ex rel. Commissioners* v. *Banks* (67 N. Y., 568) the Court of Appeals decides that the constitutional provision was designed to prevent any interference with the general laws of the State upon the subjects contained in the article of the Constitution in question. An act to provide for that which is not ordinarily done under the general laws and for which no general provision is made by law, was within the legislative power. The case of *Kerrigan* v. *Force* (68 N. Y., 384) was a case where the legislature required all judicial sales to be made by the sheriff of Kings county. It was an interference with the general law, and if it had applied to the sheriff in office, would have been inoperative. It is not an authority in the present case.

I do not think patrolmen upon the police force of cities come within the constitutional provisions. The evil aimed at by that amendment was a general one, applying to " public officers during the term for which said officers are elected or appointed." This had reference to those well known State and county offices which were elective or filled by appointment for a certain time. Policemen were local and not the subject of general laws, nor even of a fixed tenure in office. These members varied with circum-

stances, and their compensation once fixed, was not designed by this amendment to continue unchangeable.

The judgment should therefore be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.]

Judgment affirmed, with costs.