## N. Y. COMMON PLEAS.

WILLIAM H. RICKETTS agt. THE MAYOR, &c., OF NEW YORK.

*New York (city of) — Supreme court crier's salary not to be reduced by board of estimate and assessment — Consolidation act should be limited to future appointments.*

By chapter 296 of Laws of 1865, the justices of the supreme court for the first judicial department were authorized to appoint a crier of said court in the city and county of New York, and his compensation was to be fixed by the board of supervisors:

*Held,* that where, in pursuance of such authority, a crier was so appointed and his salary so fixed, the board of estimate and apportionment had no right, under the consolidation act (*Laws of* 1882, *chap.* 410), to reduce such salary during the term for which he was appointed.

The consolidation act should be limited to future appointments made under its provisions without disturbing any rights which had vested prior to its enactment.

*General Term, June,* 1884.

*Before* DALY, *Ch. J.,* LARREMORE *and* BEACH, *JJ.*

THIS action was brought by the plaintiff, whose salary as crier of the supreme court was reduced in December last by the board of estimate and apportionment, to have it adjudged whether such reduction was legal.

*John C. Shaw*, for plaintiff.

*David J. Dean*, assistant corporation counsel, for defendant.

LARREMORE, *J.* — By chapter 296 of the Laws of 1865, the justices of the supreme court for the first judicial department were authorized to appoint a crier of said court in the city and county of New York, and his compensation was to be fixed by the board of supervisors of said county. The justices, in pursuance of the authority thus conferred, appointed a crier whose annual salary was fixed by the board of supervisors at $2,500. The plaintiff was duly appointed to fill a vacancy thereafter occurring in said office, and has since continued to discharge its duties. By the consolidation act (*chap.* 410, *Laws of* 1882) the act of 1865 is re-enacted, the board of estimate and apportionment being substituted for the board of supervisors (*Sec.* 1116, *Consolidation Act*). In December, 1883, the board of estimate and apportionment reduced and fixed the annual salary of said crier at $1,500, and the comptroller of the city has, since January, 1884, refused to pay the plaintiff at any other rate. He is a public officer, and was appointed before the adoption of the consolidation act, which is clearly local in its character, and should be construed in harmony with article 3, section 18 of the Constitution of 1875, which prohibits legislative enactments in a private or local bill " creating, increasing or decreasing fees, per centages or allowances of public officers during the term for which said officers are elected or appointed." Under the ruling in *The People ex rel. Gass* agt. *Lee* (28 *Hun*, 469), and *Kerrigan* agt. *Force* (68 *N. Y.*, 381), the harmony of construction is preserved which limits the consolidation act to future appointments made under its provisions, without disturbing any rights which had vested prior to its enactment.

The plaintiff is entitled to judgment in his favor.

DALY, C. J., and BEACH, J., concur.