J. F. Daly, J.
The legislature is prohibited from passing any private or local bill creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed (Const, art. 3 § 18). The act under examination is a local bill, being “An act to regulate and provide for certain expenses of conducting the office of Sheriff of the City and County of New York.” It does not directly fix the fees of the sheriff, but it takes away from the Board of Aldermen of said city and gives to the Board of Estimate and Apportionment of said city the power to fix the rates of payment to the sheriff for objects of expenditure which, by law, are made a charge upon said city and county.
The Board of Aldermen, exercising the powers of Supervisors (L. 1874 c. 304), adopted an ordinance on January 21st, 1875, fixing the compensation of the sheriff for such objects át a specified rate. The plaintiff assumed the office of sheriff on January 1st, 1883, and the act of the legislature under examination was passed on May 14th, 1884. The Board of Estimate and Apportionment adopted on December 29th, 1884, a resolution by which they allowed a lower rate for such objects than that fixed by the Board of Aldermen.
It thus appears that while the legislature did not directly reduce the fees of the sheriff, it accomplished such reduction indirectly by transferring from one local authority to another the power to make the change of compensation. The prohibition against' doing an act extends, of course, to all indirect, roundabout or covert attempts to do the tiling forbidden. In the case of the legislature, the prohibition against passing a local bill decreasing official fees extends *254 to enactments which confer upon others the power to do so at their pleasure. If it did not, the provisions of. the constitution might be easily evaded.
It is not to be supposed that the legislature intended, in the act of 1884 under examination, a violation of the constitutional provisions above cited, and therefore the act will not be construed as authorizing any interference with the fees of the then incumbent of the sheriff’s office. The fixing of compensation authorized will be deemed to apply to his successors in office.
We held in a similar case that the legislative enactment should be construed to apply to future appointments, and not to the persons in office at the time of its passage (Ricketts v. Mayor &c. of New York, 67 How. Pr. 320). The correctness of the application of the principle in that case may be doubtful in view of the later decision of the Court of Appeals in Mangam v. City of Brooklyn, (98 N. Y. 585), holding that the constitutional provision in question did not protect salaried officers, but was to be confined to those whose compensation was by fees, percentages and allowances. But the principle on which the decision was based is directly applicable to the case before us, and the opinion therein delivered must control.
I think that judgment should be ordered for plaintiff.
Charles P. Daly, Ch. J., and Allen, J., concurred.
Judgment for plaintiff.