**248** HART (Pros. Attorney) vs. CIRCUIT JUDGE (Allegan), No. 12474.

To compel the vacation of an order quashing a complaint and warrant.

Granted January 20, 1892.

The complaint charged that one Cook "did feloniously and unlawfully kill and destroy certain deer, to wit, one deer, in violation of Act No. 40, of the Public Acts of the State of Michigan, Approved April 23, 1891."

The accused moved to quash for the following reasons: (1) Because if the facts stated are true, respondent has committed no offense punishable by the law of the State.

(2) The act under which complaint is made was repealed by Act No. 152, Laws of 1891.

(3) Said Act No. 40 is too indefinite and uncertain, both as to subject matter and time when in force, to be of any validity as a penal statute.

(4) Said Act No. 40 is directly opposed to the protection of game within this State.

Respondent contended that an Act applying to one or more counties merely, is a local Act, 13 Am. and Eng. Enc., 980; State vs. Ellett, 21 Am. Rep., 772; Kerrigan vs. Force, 68 N. Y., 381; that the two Acts are repugnant, People vs. Forman, 85 M., 110; Dwarris on Statutes, 5444; People vs. Van Nort, 64 Barb., 205; State vs. Davis, 70 Mo., 237; that where two statutes prescribe different penalties for the same offense, the later repeals the former without express words to that effect, People vs. Russell, 59 M., 104; Robison vs. Recorders' Court Judge, Id., 529 (236); State vs. McCarthy, 13 N. E. Rep., 409; State vs. Cooper, Id., 403; Mongeon vs. People, 55 N. Y., 613; Flaherty vs. Thomas, 12 Allen, 428; that penal laws must be uniform, Robison vs. Recorders' Court Judge, 59 M., 529 (236); that inasmuch as the general Act prescribes a different mode of punishment, it repeals the local

Act, Musser vs. Com., 25 Pa., St. 126; Blevens vs. People, 1 Scam., 172; general words in a statute are to receive a general construction, Ten Eyck vs. Wing, 1 M., 40; Terrance vs. McDougall, 12 Ga., 826; Jones vs. Jones, 18 Me., 308; that the later statute covering the same subject repeals the former, though not repugnant, Shannon vs. People, 5 M., 71; Feige vs. M. C. R. R. Co., 68 M., 1; People vs. Hobson, 48 M., 27; People vs. Bissell, 59 M., 104; that if the words "any deer" include tame deer, there is, a right of property in the tame deer in confinement, 2 Blackstone's Com., 391.