ELIZA MOONEY, Plaintiff, *v.* ASA D. MILLER, Defendant.

Supreme Court, Saratoga County, June, 1922.*

Mortgages — mortgagee in possession by consent — right of mortgagor to redeem — when mortgagor's title not affected by default in paying mortgage — evidence — assignment of mortgage by mortgagee in possession — section 46, Civil Practice Act, unconstitutional as sought to be applied retroactively in this action — judgment on the pleadings.

Plaintiff became the owner of a farm by deed duly delivered and recorded in the year 1868. In the year 1874 he gave a mortgage on the property which was foreclosed and prosecuted to judgment in the year 1878. Five days before the entry of judgment the mortgage was assigned to plaintiff's brother in law. No further proceedings were taken in the foreclosure action and the assignee of the mortgage entered into the occupancy of the farm as a mortgagee in possession with the consent of the plaintiff and continued in possession until the year 1914 when he assigned the mortgage to his wife who continued in possession until her death in the year 1918 when her son, the defendant herein, succeeded to her interest under her will.

Plaintiff sues in equity to compel defendant to account for rents, taxes, repairs, etc., and for permission to redeem the property from the mortgage. Defendant answers that he is a mortgagee in possession and that plaintiff is barred by virtue of the Statute of Limitations as provided by section 46 of the Civil Practice Act, formerly section 379 of the Code of Civil Procedure.

Section 379 of the Code of Civil Procedure was amended by chapter 281 of the Laws of 1919 by eliminating the word " adverse " which had existed therein since the year 1877.

On granting plaintiff's motion for judgment on the pleadings, *held,* that the possession of defendant and his predecessors was not adverse to plaintiff; that their possession was by consent of the plaintiff; that the legal title has remained in plaintiff and is not affected by default in paying the mortgage or by possession by the mortgagee; that an assignment of a mortgage by a mortgagee in possession is evidence of the mortgagor's right to redeem; that section 46 of the Civil

---

* Received too late for insertion in proper place.— [REPR.

Practice Act is unconstitutional, in so far as it is sought to be applied retroactively as a Statute of Limitations, and thus enforced as an absolute defense in this action.

MOTION for judgment on the pleadings.

*Butler, Kilmer & Corbin (Walter P. Butler* and *Harold H. Corbin,* of counsel), for plaintiff.

*Burton D. Esmond,* for defendant.

ANGELL, J. This is a motion by plaintiff for judgment upon the pleadings. Plaintiff sues in equity to compel defendant to account for the rents, taxes, repairs and upkeep of the real estate described in the complaint and for permission to redeem from the mortgage thereon. Defendant's answer is that he is a mortgagee in possession, and that plaintiff is barred of the right of redemption by reason of continuous occupancy by him for over twenty years.

The motion for judgment brings up for determination the validity of the defense thus interposed.

The allegations of fact in the answer, which are assumed to be true for the purposes of this motion, do not differ essentially from those of the complaint. Plaintiff became the owner of the premises, consisting of a farm in the town of Wilton, Saratoga county, by conveyance from Wakeman O. Sweet dated September 26, 1868, and duly recorded. On September 8, 1874, plaintiff executed a bond and mortgage to one Wagman which was assigned to one Whalen March 26, 1878, and by him to one Vandenburgh March 30, 1878. Vandenburgh began a foreclosure of the mortgage, which was prosecuted to judgment. Five days before the entry of the judgment and on June 28, 1878, Vandenburgh assigned the mortgage and bond to Elijah L. Miller, who was the husband of plaintiff's sister. No further steps were taken in the foreclosure proceeding, and there was never any sale under the judgment.

At or about the time of the assignment to Miller, he began occupancy of the premises as a mortgagee in possession with the mortgagor's consent, and continued in such possession until 1914, when he assigned the mortgage to his wife, Mary B. Miller, plaintiff's sister, who continued in possession until May, 1918, when she died. Defendant Asa D. Miller, her son, succeeded under her will to her interest. The defendant asserts in his answer: " That the possession of the said Elijah L. Miller, after his first twenty years of possession, and of the said Mary Miller, after the assignment of the said mortgage to her, was that of mortgagee in possession under said mortgage, with the plaintiff forever barred of the right of redemption, by virtue of the Statute of Limitations, after twenty years continuous possession of said premises by the said Elijah

L. Miller as such mortgagee in possession with the consent of the plaintiff after breach of a covenant therein contained, as provided by section 46 of the Civil Practice Act, and former section 379 of the Code of Civil Procedure."

This quotation summarizes the position of the defendant. His contention that plaintiff is barred by statute from maintaining the action is based upon the amendment made by chapter 281, Laws of 1919 (in effect September 1, 1919) to section 379 of the Code of Civil Procedure, which, as amended by that chapter, is section 46 of the Civil Practice Act. Prior to the amendment of 1919, section 379 of the Code read as follows, the words " an adverse " (which are put in parentheses) being omitted by that amendment and there being no other change: " Limitation of action to redeem from a mortgage. An action to redeem real property from a mortgage, with or without an account of rents and profits, may be maintained by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained (an adverse) possession of the mortgaged premises, for twenty years after the breach of a condition of the mortgage, or the nonfulfillment of a covenant therein contained."

Plaintiff contends that the amendment is unconstitutional, in that it deprives her of her property without due process of law; that upon the amendment taking effect she was *ipso facto* deprived of the right to redeem, which she asserts had existed without question up to that time. The right to redeem, being a right possessed by one person of enforcing a claim against another, is property. *Gilbert* v. *Ackerman,* 159 N. Y. 118, 124.

" A vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Whether it springs from contract or from the principles of the common law, it is not competent for the Legislature to take it away." *Pritchard* v. *Norton,* 106 U. S. 124.

The possession of defendant and his predecessors has never been adverse to the plaintiff. The defendant mortgagee is and has been in possession with the consent of the mortgagor. The legal title has remained in the mortgagor, and her title was not affected by default in payment of the mortgage, or the taking of possession by the mortgagee. *Trimm* v. *Marsh,* 54 N. Y. 599.

Defendant urges that plaintiff's surrender of the possession to Miller in 1878 was tantamount to an abandonment of the property to him, since it was about to be sold under foreclosure and she was apparently unable to pay the mortgage debt. The facts would seem to indicate quite the opposite — that possession under

the mortgage was put in friendly hands that the plaintiff might retain the ownership of the property in herself.

In 1914, after Miller had been in possession of the premises for a period of thirty-six years, he executed the assignment of the mortgage under which he was holding possession to his wife, thus indicating an acknowledgment of plaintiff mortgagor's title. An assignment of a mortgage by a mortgagee in possession is decisive evidence of the mortgagor's right to redeem, at least as late as the date of the assignment, notwithstanding the lapse of time. *Borst* v. *Boyd*, 3 Sandf. Ch. 501.

*Becker* v. *McCrea*, 193 N. Y. 423, an action in partition, presented questions closely analogous to those in the instant case. Chief Judge Cullen wrote the opinion for the unanimous court, reversing the lower courts. That case may be considered established authority, so far as applicable, upon the matters here involved.

The court there held that a mortgagee had no estate in but merely a lien on the mortgaged premises; that one could not become a mortgagee in possession except with the express or implied consent of the owner of the equity of redemption, and that " therefore, when a mortgagee enters into possession with such consent, it is in no sense in hostility to the title of the mortgagor." Further, the court held that the possession of the mortgagee was not adverse, as then required by section 379 of the Code, so as to bar the equity of redemption after a period of twenty years; that the court was not authorized to disregard the word " adverse " in the statute, stating that " the unqualified elimination of the word ' adverse ' from the statute " is not permissible.

The case contains an interesting discussion of the causes which led to the incorporation of the word " adverse " into the then present Code, and this is especially worthy of consideration in view of the amendment of 1919, which eliminated the word " adverse " from the section in question after it had existed there since 1877.

It necessarily follows from the reasoning and authority of the *Becker* case that prior to September 1, 1919, when the amendment of that year to section 379 went into effect, the relationship between plaintiff and defendant was that of mortgagor and mortgagee in possession, and that the statute had not begun to run against plaintiff's right of redemption.

What then was the effect upon plaintiff's rights of the amendment of 1919 to section 379, which eliminated therefrom the words " an adverse? " Is the section as amended, and now incorporated in section 46 of the Civil Practice Act, to be construed retroactively, so as to cut off plaintiff's right of redemption, and automatically

vest the title in the defendant, and if so was it a proper exercise of legislative power?

The case of *Gilbert* v. *Ackerman*, 159 N. Y. 118, seems conclusively to negative such propositions. The court there says: "When the legislature makes a new statute of limitations, it should make some provision therein that, after the statute takes effect, parties, whose rights of action are to be affected by the new law, shall have a reasonable period within which to prosecute their claims. * * * The right possessed by a person of enforcing his claim against another is property and if a statute of limitations, acting upon that right, deprives the claimant of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law."

In this action the amendment under consideration, as heretofore stated, went into effect September 1, 1919. So that on August 31, 1919, no limitation had begun upon the right of the plaintiff to commence this action. On the day following, the statute having gone into effect, and defendant having been in possession as mortgagee for upwards of twenty years, with default in a condition of the mortgage, plaintiff was barred, by the language of the statute, from asserting her right to redeem it. There was not only a failure to provide " a reasonable period " of time, but there was no attempt made to provide any time whatever.

Defendant urges that subdivision 3 of section 414 of the Code then in force is applicable, and gave to the plaintiff two years after the act took effect in which to commence the action. Subdivision 3 of the section in question provided for exceptions to the rules of limitation laid down in the Code. It was specifically, in words, limited to a right which a person was entitled to enforce " when this act takes effect." The act took effect May 1, 1877. Subdivision 3 was a temporary enactment. This appears plainly from its language. It was so recognized by the legislative committee which framed the Civil Practice Act, that paragraph being omitted therefrom with the comment that it was but temporary. Report of Committee, § 10, n.

The conclusion, therefore, seems inevitable that section 379 of the Code, as it existed after the amendment of 1919 and as it is incorporated in section 46 of the Civil Practice Act, is unconstitutional, in so far as it is sought to be applied retroactively as a Statute of Limitations, and thus enforced as an absolute defense in this action.

It is not necessary here to determine the interesting question as to whether section 46 of the Civil Practice Act as it now stands,

attempts to enact that a possession which commences and continues with the consent of the mortgagor, may ripen into a title after the lapse of twenty years; nor, if so, whether the attempt can succeed. In *Kirk* v. *Smith*, 9 Wheat. 241, 288, Chief Justice Marshall, in speaking of a Pennsylvania statute which provided that seven years' quiet possession shall give an unquestioned title, said: "It would shock that sense of right which must be felt equally by legislators and by Judges, if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title. Several cases have been decided in this Court in which the principle seems to have been considered as generally acknowledged; and in the State of Pennsylvania particularly, it has been expressly recognized. To allow a different construction, would be to make the statute of limitations a statute for the encouragement of fraud — a statute to enable one man to steal the title of another by professing to hold under it. No law admits of such a construction."

In that case the chief justice read the word "adverse" into the statute.

In deciding thus I am not unmindful of the fact that every intendment is in favor of the constitutionality of legislative enactments, or of the rule that in construing a statute susceptible of two constructions, the courts will adopt the one which renders the act valid rather than the one which avoids it. *Kerrigan* v. *Force*, 68 N. Y. 381; *People ex rel. Sinkler* v. *Terry*, 108 id. 1. It seems clear, however, that in the *Becker* and *Gilbert* cases, above referred to, the Court of Appeals specifically and definitely laid down the law applicable to this case. Those cases, as I understand them in their application to the case at bar, require the determination now made.

The motion for judgment on the pleadings is granted.

Ordered accordingly.