RALSTON, Plaintiff, *v.* FIFTH AVENUE BOND AND MORTGAGE COMPANY and Others, Defendants.

Supreme Court, Kings County, February 19, 1927.

**Mortgages — foreclosure — redemption by bondholders under second mortgage — mortgage was foreclosed and property sold under first mortgage in 1918 — under Civil Practice Act, § 46, subd. 2, action to redeem is barred if not brought within one year after September 1, 1924.**

The plaintiff is a holder of bonds secured by a trust mortgage and brings this action on behalf of himself and other bondholders to foreclose the mortgage, the trustee having resigned. The first mortgage on the property was foreclosed in 1918, but the trustee of the trust mortgage was not made a party thereto and, therefore, neither its rights nor the rights of bondholders were cut off by that foreclosure.

However, the plaintiff cannot maintain this action since under subdivision 2 of section 46 of the Civil Practice Act the right of the plaintiff to maintain an action to redeem the property was barred since it was not commenced within one year after September 1, 1924.

MOTION by Philip Kollmer, defendant, to dismiss complaint, under subdivision 6 of rule 107 of the Rules of Civil Practice.

*M. S. Schoenbaum*, for the plaintiff.

*Dean, King & Smith*, for the defendant Philip Kollmer.

CALLAGHAN, J. This action was brought to foreclose a mortgage. The mortgage was made by the Fifth Avenue Bond and Mortgage Company to the Lincoln Trust Company, as trustee, to secure an issue of bonds amounting to $265,000. The Lincoln Trust Company was succeeded in this trust by the Chase National Bank. The bank refused to further serve as trustee, and pursuant to the terms of the trust agreement resigned. The plaintiff is the holder of one of those bonds, and now seeks to foreclose the mortgage on behalf of himself and the other bondholders, who are

party defendants to this action. This mortgage was made by the Fifth Avenue Bond and Mortgage Company on the 9th day of January, 1912. At that time it had no title whatever to the property in question. It acquired title, however, by deed dated July 14, 1913. The mortgage of $265,000 was a second lien on the property in question, the first mortgage being one for $14,000, and was held by Daniel Smith Berry. It was made by Harry C. Green on February 28, 1906, at a time when he was the owner of the property. Thereafter, and in 1909, Green conveyed the property subject to the mortgages, and it came into the hands of the Osler Land Company until May 6, 1916, when it was conveyed to the Metropolitan Real Estate Corporation. The property was all this time subject to the $14,000 mortgage. In 1918 an action to foreclose that mortgage was begun. The Fifth Avenue Bond and Mortgage Company was made a party defendant, but the Lincoln Trust Company, as trustee, was not made a party.

The defendant Philip Kollmer purchased the property in question at foreclosure sale. He is a party defendant to this action, and it is sought to cut off whatever rights he has in the property in this foreclosure action. He now moves under subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that this plaintiff is barred by subdivision 2 of section 46 of the Civil Practice Act from any right or interest in the property. It may be assumed that the rights of the Lincoln Trust Company, as trustee, were not cut off by the foreclosure of the Barry mortgage, inasmuch as it was not made a party defendant; and by the same token this plaintiff, who held one of the bonds under the trust mortgage, was not cut off, and he was one of the parties to which subdivision 2 of section 46 of the Civil Practice Act is applicable. By subdivision 1 of that section the right to redeem is cut off after twenty years from the breach of the condition of the mortgage, or the date of the recording of the deed to the purchaser at foreclosure, and by subdivision 2 thereof it is provided that after September 1, 1924, the right to maintain an action to redeem shall be barred unless the person then entitled to maintain such an action shall, within one year after September 1, 1924, bring an action to redeem the property from said mortgage.

By section 379 of the Code of Civil Procedure, as it stood prior to the amendment of 1919, the running of the Statute of Limitations was explicitly dependent upon the possession being " adverse." The 1919 amendment eliminated the word " adverse," and it was in that form that the amendment was considered in *Mooney* v. *Miller* (119 Misc. 134). In that action the possession had been non-adverse for more than twenty years, and consequently, when

the action was brought after the amendment of 1919, there was no limitation running, unless the new amendment, making the twenty-year non-adverse possession, was valid. That statute was held unconstitutional, as the right to redeem is a right of property, and there was an entire failure to give any time whatever to redeem. (*Gilbert* v. *Ackerman,* 159 N. Y. 118.) After the ruling in *Mooney* v. *Miller* the Legislature attempted to remedy the statute by enacting subdivision 2. A reading of that statute leaves no doubt about the intention to reach all existing non-adverse possessions and validate them after the running of the statute, and it remains to be determined whether such enactment is valid, within the rule laid down in *Gilbert* v. *Ackerman.*

As was said in that case, every one is presumed to know the provisions of the statute after it takes effect. This plaintiff's right to redeem accrued over five years before the statute in question took effect. There is no doubt that he had ample time, had he moved seasonably, to protect his rights, even though he had not taken action prior to the 1st day of September, 1924.

There is no guide for prescribing the time in which one should do a particular act. The limitation of time prescribed in any statute is fixed arbitrarily, but presumably after the Legislature has carefully considered the reasonableness of the time prescribed. Some actions must be begun within six years (Civ. Prac. Act, § 48), others within three years (Id. § 49), and some must be begun within two years (Id. § 50), while others are limited in time to one year (Id. §§ 51, 52).

The only guide is that a statute of limitation must be reasonable, in view of the end sought to be accomplished. This may be determined by comparison with prior or other analogous Statutes of Limitations. (*Bryan* v. *McGurk,* 200 N. Y. 332.) If the latter rule be applied here, the provisions of subdivision 1 must suffer when compared with subdivision 2 of the same section (Civ. Prac. Act, § 46), but the Legislature had a definite purpose in mind.

It sought to quiet title and wipe out adverse claims existing prior to September 1, 1924, and, as it fixed a time in which all then existing claims might have easily been enforced, it is not for the court to say that the statute, although a short time by comparison with other similar statutes was prescribed, is void as interfering unreasonably with a property right. A somewhat similar statute was considered in *Volz* v. *Steiner* (67 App. Div. 504, 511), and held valid. That statute fixed one year as the time in which one might recover possession of encroachments by adjoining buildings.

It follows that the complaint, in so far as it asks relief against the property of the moving defendant, must be dismissed.