Robert Reiner, Inc., Plaintiff, *v.* Hamburg-American Line,
Defendant.

Municipal Court of New York, Borough of Manhattan, First District,
November 26, 1932.

*Haight, Smith, Griffin & Deming,* for the plaintiff.

*James C. Webster,* for the defendant.

Lewis, David C., J. The plaintiff's cause of action arises out of a shipment of merchandise. The bill of lading contains a limitation of six months within which the suit must be commenced. The complaint simply alleges the delivery to the carrier for transportation, and sets forth the customary allegations of negligence by the carrier in performance of its contract, but omits any statement of the terms of the bill of lading, and does not attach a copy of it to its pleadings.

The defendant, upon the complaint and an affidavit setting forth the bill of lading, and pointing out specifically the limitation of time for the commencement of an action therein contained, moves for judgment dismissing the complaint.

Subdivision 6 of rule 107 of the Rules of Civil Practice provides for notice of motion for judgment dismissing the complaint, on the complaint and affidavit setting forth facts tending to show that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. This limitation of time is not limited to that prescribed by the statute, but includes

that provided for in bills of lading. (See *Aaron & Co., Inc.,* v. *Panama R. R.,* 255 N. Y. 513; *Exchange Mutual Ind. Ins. Co.* v. *Central Hudson C. & E. Co.,* 243 id. 75; *Ralston* v. *Fifth Ave. Bond & Mfg. Co.,* 130 Misc. 556; *Steiner* v. *Hamburg-American Line,* N. Y. L. J. May 5, 1931, and June 24, 1931.)

The plaintiff insists that this rule is not applicable to the Municipal Court. Mr. Justice LAUER in his work on the practice in our courts, states: " Sections 88 and 89 [of the Municipal Court Code] take the place of all demurrers, pleas in abatement, the *statute of limitations* and various technical defenses given by statute. In adopting these sections the Legislature intended to establish a uniform practice for the disposing of all objections to the pleadings which do not go to the merits, before the action is reached for trial. Such objections can be raised, by necessary motion or by special appearance and should be made before trial." (See Supp. to Lauer Mun. Ct. Prac. 142, 143.)

I can find no inconsistency between the provisions of the Municipal Court Code and rule 107. In fact, section 89 of the Municipal Court Code definitely states that an objection to the sufficiency of the complaint, or an objection which, if sustained, disposes of the action without putting the plaintiff to his proof, may be taken by alleging it as a defense in the answer.

One infers that undoubtedly the mission of this rule was to provide a way for the defendant to supply facts omitted from the plaintiff's complaint (and which constitute a part of the contract upon which he sues), and thus make these omitted allegations of fact the basis for an application which would have lain to a complaint originally drafted in such terms.

Motion granted.