Burke, J. (dissenting).
While there is a legal presumption which favors the constitutionality of particular legislation, instances arise where logic mandates that the presumption be rejected. Such a situation exists in the present case.
■Sections 83 and 92 of chapter 717 of the Laws of 1957 are today challenged by the residents of the City of Bye and the Town of Oyster Bay as unconstitutional enactments, in conflict with either section 5 of article X or section 15 of article III of our ¡State Constitution.
The residents of these communities are for the first time aware that section 83 which the majority acknowledges created the Metropolitan Transportation Authority and section 92, which authorizes the design, construction, maintenance, operation, improvement and reconstruction of a highway bridge crossing Long Island Sound with Oyster Bay and Bye as termini, were enacted by the Legislature of this State with sundry other provisions of chapter 717 of the Laws of 1967. However, they maintain that such significant legislative enactments were adopted without opposition and proper consideration because they were secreted within the many provisos of that chapter.
These sections of chapter 717 were summarized, when presented to the Legislature in 1967, as follows: “ An Act to amend the general municipal law, the highway law, the public authorities law, the rapid transit law and the state finance law and to enact chapter sixty-one-a of the consolidated laws, in relation to transportation generally and to the implementation of a chapter of the laws of nineteen hundred sixty-seven known as the transportation capital facilities bond act, the organization, functions, powers and duties of the metropolitan commuter transportation authority, the New York city transit authority, triborough bridge and tunnel authority and the Niagara Frontier port authority, the creation of the Niagara Frontier transportation authority, the powers of municipal corporations with respect to mass transportation, airport and aviation facilities, state highways in the counties of Nassau and Westchester and the powers of the port of New York authority to establish and operate an additional air terminal, and to repeal subdivisions two, three, *640 four and five of section thirteen hundred three of the public authorities law relating to the board of the Niagara Frontier port authority. ’ ’ While descriptive of many of the subdivisions of chapter 717, this synopsis is lacking a reference to either the formation of the Metropolitan Transportation Authority or the contemplated bridge. The respondents thus contend that they were not given notice of these sections, when enacted, as required by the Constitution.
The constitutional provisions involved are unambiguous and do not require interpretation. Section 5 of article X states in pertinent part that “No [such] public corporation * * * possessing both the power to contract indebtedness and the power to collect rentals, charges, rates or fees for the services or facilities furnished or supplied by it shall hereafter be created except by special act of the legislature.” Section 15 of article III provides “No private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title ” (emphasis supplied).
Clearly, the Metropolitan Transportation Authority is a public corporation possessing both the power to contract indebtedness and the power to charge rates for the use of its contemplated' bridge facility. The majority concedes as much and, after discussing certain aspects of unrelated provisions of the Public Authorities Law, they conclude that the Metropolitan Transportation Authority was created by special act and that the implementation of all its powers, including the right to build bridges, was a valid exercise of legislative authority. The fallacy of this conclusion is demonstrated in part by the affidavit of the Assistant Attorney-General who states that ‘1 Chapter 717 * * * does not create a public corporation and accordingly Article X § 5 clearly does not apply.” (Italics supplied.) In addition to this affidavit from the State’s legal representative, the record before this court contains the answer submitted by the Metropolitan Transportation Authority wherein they concede that “ Chapter 717 of the New York State Session Laws of 1967 * * * is a general law as is each and every part thereof.” They continue, contending that “ Since Chapter 717 does not create the public corporation involved here it was not necessary to be passed as a special act.” Thus, the majority opinion of this court notwithstanding, the parties to this proceeding all *641 acknowledge that chapter 717 of the Laws of 1967 is not a special act. In recognizing chapter 717 as a general act, the Metropolitan Transportation Authority argues that, while that body was created in 1967, there was then in existence the Metropolitan Commuter Transportation Authority which was created by special act, with very limited authority in 1965. In effect, they contend that the valid creation of a limited authority in 1965 permits subsequent transformation of that authority without compliance to constitutional standards. Hence, they maintain that there was no need for a “ special act ” in 1967. The majority has rejected this point sub silentio, and rightly so, since it is overly simplistic to decide that this constitutional provision (art. X, § 5) pertains only when a public corporation is established.
Having rejected the argument advanced by both the Metropolitan Transportation Authority and the Assistant Attorney-G-eneral that a special act was not required, the majority has apparently circumvented the unanimous concession that chapter 717 is a general law by concluding that section 83 (not chapter 717) is a special act within the meaning of the Constitution. The legislation itself as well as the briefs in this case negates such reasoning. Chapter 717 is, by its own definition, one act. Section 83, which creates the Metropolitan Transportation Authority, is but a segment of that act, and the act itself has been recognized as a general act. The majority, rejecting the argument that the 1965 creation of the Metropolitan Commuter Transportation Authority was the only enactment which had to meet the constitutional requirement of section 5 of article X, has endeavored to sustain the constitutionality of the newly formed Metropolitan Transportation Authority by designating section 83 as a separate miniature act, contained in chapter 717 and satisfying constitutional standards not met by the chapter in its entirety.
Assuming, arguendo, that the chapter, though denominated an act, is in realty a conglomerate of many individual acts, then it is essential to consider whether section 83 is a special act. When one reads the legislative history of section 5 of article X, it is evident that the reason for its enactment was broader than that attributed to it by the majority. At the time of the Constitutional Convention, the creation of public authorities was a *642 cause for public concern. It was apparent that such authorities, given broad power in specified and delimited areas, were virtually autonomous once unleashed. Cognizant of the ineffectiveness of public reaction upon the activities of an existing authority, the People of New York State insisted upon the requirement of a special act at the time of creation. In this manner, interested citizens were afforded an opportunity to speak out against a proposed authority. In effect, this was the public’s sole avenue for circumscribing the proposed delegation of powers to a particular authority. The basic contention of the residents of the Town of Oyster Bay and the City of Bye at this time is that they were deprived of this right to oppose the Metropolitan Transportation Authority’s creation. Since the passage of section 83 of chapter 717 of the Laws of 1967 accomplished the very result sought to be prevented by the requirement of a special act, it is clear that the constitutional safeguard written into the Constitution in 1938 is now bypassed by an ipse dixit that section 83 is a special act. The supreme rights of the citizens of this State to a public forum to debate the desirability of a bridge cannot be overcome through the device of a struggle in semantics to determine what is, or is not, a special act.
Begrettably, the majority has frustrated the constitutional command and denied these residents of Bye and Oyster Bay the right to challenge the wisdom of the construction of the bridge affecting their communities. Moreover when the majority concluded that section 83 was a separate special act within the framework of chapter 717 of the Laws of 1967, thereby evading one constitutional attack, they simultaneously raised another. If we divide the entire act into many little acts, then, perforce, each separate act must meet constitutional requirements. As noted above, section 15- of article III of our Constitution prohibits the passage of a private or local bill which does not express the subject of the bill in the title. Decisions are legion wherein this court has construed the term “ local bill ” in this setting to mean one which touches but a portion of the territory of the State or a part of its people. (See, e.g., Kerrigan v. Force, 68 N. Y. 381; Cahill v. Hogan, 180 N. Y. 304; Knapp v. Fasbender, 1 NY 2d 212.) Under these decisions, it is apparent that legislation authorizing the design, construction and maintenance of a bridge which would have one of its termini in the Town of Oyster Bay and the other in the City of Bye is a local *643 law. Section 92 was nevertheless enacted without a separate title and even the title which accompanied the total enactment (ch. 717) lacked any reference to a bridge. Accordingly, it seems to me that the enactment is unfortunately unconstitutional
The majority has, however, hurdled this constitutional requirement by reversing the analysis employed to defeat the prior challenge made pursuant to section 5 of article X and concluding instead that, for purposes of section 15 of article III, they will content themselves with the conclusion that chapter 717 (not § 92), dealing broadly with State purposes and State policies, is not a 111 local bill
We see legal inconsistency in both this approach and reasoning. The court may not view an act in its separate provisions for one purpose and then consider it as an entity for another. Such reasoning is ill suited to the present litigation as it effectively emasculates those provisions of the State Constitution designed to guarantee to the citizenry the right to deal effectively and fairly with legislation affecting their localities. In the context of this case, the majority is denying the residents of Bye and Oyster Bay the opportunity to oppose the construction of bridge plazas which will be located in their respective backyards.
Accordingly, the judgment appealed from should be affirmed.
Judges Scileppi, Breitel and Jasen concur with Judge Bergan ; Judge Burke dissents and votes to affirm in a separate opinion in which Chief Judge Fulo and Judge Keating concur.
Judgment reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.