WILLIAM T. GILBERT, as Receiver of THE COMMERCIAL ALLIANCE LIFE INSURANCE COMPANY, Respondent, *v.* BENJAMIN G. ACKERMAN, Appellant, Impleaded with Others.

1. ENACTMENT OF STATUTE OF LIMITATIONS — PRESERVATION OF EXISTING CAUSES OF ACTION. An enactment of a new statute of limitations is unconstitutional as to existing causes of action, if it fails to allow a reasonable time, after it takes effect, for the commencement of suits thereon ; and it is not enough that the act affords a reasonable interval between its passage, or becoming a law, and its taking effect.

2. CODE CIV. PRO. § 394 — INVALID AMENDMENT. Chapter 281 of the Laws of 1897, which amended section 394 of the Code of Civil Procedure by requiring an action against a director of a moneyed corporation, to enforce a liability created by the common law, to be brought within three years after the cause of action accrued, whereas such an action was theretofore subject to the six years' limitation, was unconstitutional as to existing causes of action which accrued three or more years prior to its taking effect, for the reason that it did not allow a reasonable time, after its taking effect, for the commencement of suits upon such causes of action.

3. RIGHT OF RECEIVER OF CORPORATION TO ASSERT UNCONSTITUTIONALITY OF LIMITATION. A receiver of a corporation, seeking to enforce a common-law liability against the directors, upon a cause of action which existed in the corporation before his appointment and vested in him as

receiver, is entitled to assert the unconstitutionality of the amendment of 1897 to section 394 of the Code of Civil Procedure, as affecting an existing cause of action which had accrued more than three years prior to its taking effect.

*Gilbert* v. *Ackerman,* 33 App. Div. 371, affirmed.

(Argued April 18, 1899; decided May 2, 1899.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 21, 1898, reversing an interlocutory judgment overruling a demurrer to the fourth defense contained in the answer, and sustaining the demurrer.

The nature of the action, the facts, so far as material, and the question certified for review are stated in the opinion.

*Michael H. Cardozo* and *Raymond Reubenstein* for appellant. Chapter 281 of the Laws of 1897, reducing the statutory limitation to three years within which actions must be commenced against directors of a moneyed corporation, is constitutional. (*Terry* v. *Anderson,* 95 U. S. 628; *Sohn* v. *Waterson,* 17 Wall. 596; *Matter of Brown,* 135 U. S. 701; *Turner* v. *New York,* 168 U. S. 90; *Sturges* v. *Crowninshield,* 4 Wheat. 122; *People* v. *Turner,* 117 N. Y. 240; *Reid* v. *Supervisors,* 128 N. Y. 364; *Parmenter* v. *State,* 135 N. Y. 154; *Dash* v. *Van Kleeck,* 7 Johns. 477; *Dubois* v. *City of Kingston,* 20 Hun, 500.) The interval of time between the passage of the act of 1897 and the date it went into effect must be considered in determining whether a reasonable time was allowed to the plaintiff to institute his action. (*Wrightman* v. *Boone Co.,* 82 Fed. Rep. 412; *Stine* v. *Bennett,* 13 Minn. 153; *Horbach* v. *Miller,* 4 Neb. 31; *Bigelow* v. *Bemis,* 2 Allen, 496; *Smith* v. *Morrison,* 22 Pick. 432; *Duncan* v. *Cobb,* 32 Minn. 460; *Nat. Bank* v. *Brathwaite,* 75 N. W. Rep. 244; *Eaton* v. *Supervisors,* 40 Wis. 668; *Baker* v. *Supervisors,* 39 Wis. 444; *Hedger* v. *Rennaker,* 3 Met. [Ky.] 255.) The legislature had power to restrict the right of the plaintiff as receiver to maintain this action. (*Louisiana* v. *Mayor, etc.,* 109 U. S. 285; *De Moss*

v. *Newton*, 31 Ind. 219; *People* v. *B., F. & C. I. R. R. Co.*, 89 N. Y. 75; *U. S. T. Co.* v. *N. Y., W. S. & B. R. R. Co.*, 101 N. Y. 478; *Folger* v. *C. Ins. Co.*, 99 Mass. 267; *Slee* v. *Bloom*, 5 Johns. Ch. 366; *French* v. *Giffork*, 30 Iowa, 148; *Atty.-Gen.* v. *C. & N. W. R. Co.*, 35 Wis. 425.) Legislative acts are presumed to be constitutional, and only in cases where there is no rational doubt should the courts declare them unconstitutional. (*People ex rel.* v. *Rice*, 135 N. Y. 473; *S. P. Assn.* v. *Mayor, etc.*, 8 App. Div. 241; *Trustees, etc.*, v. *Woodward*, 4 Wheat. 518; *People ex rel.* v. *Terry*, 108 N. Y. 1.) The legislature clearly intended that chapter 281 of the Laws of 1897 should have a retrospective effect. (*Acker* v. *Acker*, 81 N. Y. 143; *Morse* v. *Goold*, 11 N. Y. 281; *Kip* v. *Hirsh*, 103 N. Y. 565; *Mills* v. *Husson*, 140 N. Y. 99; Code Civ. Pro. § 394; *Burgett* v. *Strickland*, 5 Civ. Pro. Rep. 276; *Wrightman* v. *Boone Co.*, 88 Fed. Rep. 435; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581; *Conyngham* v. *Duffy*, 125 N. Y. 200.) Section 31 of the Statutory Construction Law refers only to repealing acts, and is not applicable to the construction of chapter 281 of the Laws of 1897. (*Matter of Bronson*, 150 N. Y. 1; *People ex rel.* v. *Palmer*, 52 N. Y. 83; *Bowen* v. *Lease*, 5 Hill, 221; *Hunter* v. *Nockolds*, 1 McN. & G. 640; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570; *People* v. *Wilmerding*, 136 N. Y. 363; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 586.)

*Henry D. Hotchkiss* for respondent. The act is to be judged solely from the time it took effect. (*Price* v. *Hopkin*, 13 Mich. 318; *Sohn* v. *Waterson*, 17 Wall. 596.) Unless its operation is prospective, or unless it is controlled by the Code, section 414, the act of 1897 was unconstitutional as to existing causes of action accruing three or more years prior to September 1, 1897. (*Town of Koshonong* v. *Burton*, 104 U. S. 668; *Parmenter* v. *State*, 135 N. Y. 154; *McGahey* v. *Virginia*, 135 U. S. 701; *Ex parte Brown*, 135 U. S. 705; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 191; *Smith* v. *Ames*, 169 U. S. 466; Cooley on Const. Lim. 358; *Westervelt* v. *Gregg*,

12 N. Y. 202.) The act was prospective in its operation. (*People* v. *O'Brien*, 111 N. Y. 1; *U. S.* v. *Heath*, 3 Cranch, 399; *McKean* v. *Archer*, 52 Fed. Rep. 791.) By section 414 of the Code of Civil Procedure, this action was exempt from the control of the act of 1897, in case it was brought within two years after the time of the taking effect of that act. (*Goillotel* v. *Mayor*, etc., 87 N. Y. 441; *Sohn* v. *Waterson*, 17 Wall. 596; *McKean* v. *Archer*, 52 Fed. Rep. 791.)

GRAY, J. The plaintiff became the receiver of the Commercial Alliance Life Insurance Company, in proceedings instituted to dissolve the corporation upon the ground of its insolvency. He commenced this action against the defendants to recover moneys alleged to have been misapplied, or wasted, by them while directors of the company. Among other defenses interposed by the answer of the defendant, who is appellant here, to the demand of the plaintiff, was this, viz.: that the cause of action did not accrue within three years before the commencement of the action. To that defense the plaintiff demurred as being insufficient in law. At the Special Term the demurrer was overruled; but upon appeal to the Appellate Division, in the first department, that court reversed the Special Term judgment and sustained the demurrer; giving leave to appeal to this court and certifying this question: " Is the fourth separate defense contained in the defendant's answer herein insufficient in law upon the face thereof to constitute a defense ? "

When this action was commenced, in 1898, section 394 of the Code of Civil Procedure provided that an action against a director of a moneyed corporation to enforce a liability created by the common law, or by statute, must be brought within three years after the cause of action has accrued. It had been amended in 1897 so as to include the liability at common law, (Chap. 281, Laws of 1897); whereas prior thereto its reference was simply to an action " to enforce a liability created by law." That language was held to make it applicable to a liability created by statute law and to be, therefore,

inapplicable to the common-law liability arising from the rela-
tion of a director to his corporation. (*Brinckerhoff* v. *Bost-
wick*, 99 N. Y. 185.) The amendment broadened the pro-
visions of the section so as to embrace all causes of actions
against directors. The present cause of action is alleged to
have accrued in May, 1893, and this plaintiff was appointed
receiver in 1895. When he commenced this action, in 1898,
only about four years and ten months of the six years had
expired, which had constituted, prior to the amendment of
section 394, the limitation of time for its commencement.

The question is, was the amendment of the section in
1897 a valid exercise of legislative power as to the plaintiff
and effectual to bar the remedy formerly available to him?
The amendatory act of 1897 became a law on April 16th of
that year; but, by its second section, it provided that it should
take effect September 1st, 1897, thus leaving an intervening
period of time of four months and fourteen days between its
passage and its taking effect. It was held at the Appellate
Division that the act was invalid; because no time whatever
was given to the plaintiff after it went into effect within
which to commence his action. No reservation was made by
the terms of the act in favor of liabilities, which were in
existence at the time the act went into effect; nor was any
time allowed within which to commence an action after the
act became effectual. I can find no authority, and I am not
referred to any, in this state upon the point which is thus
raised; while outside of this state it may be said that a num-
ber of cases hold adversely to the view taken by the Appel-
late Division. (*Smith* v. *Morrison*, 22 Pick. 430; *Stine* v.
*Bennett*, 13 Minn. 153; *Duncan* v. *Cobb*, 32 Minn. 460;
*Eaton* v. *Supervisors*, 40 Wis. 668; *Hedger* v. *Rennaker*, 3
Met. [Ky.] 255; *Hart* v. *Bostwick*, 14 Fla. 180; *Wright-
man* v. *Boone Co.*, 82 Fed. Rep. 412 [Montana].)

The doctrine of these cases would seem to be that if an act
affords a reasonable opportunity for parties to commence
actions between the time of its passage and the time when,
by its terms, it is to go into effect, the legislative power has

been constitutionally exercised. The doctrine rests, evidently, upon the theory that, as the act has become the law of the state upon its passage, all persons are to be presumed to have notice of its provisions and if the period of time intervening until it becomes effectual is not to be regarded as a saving period for the enforcement of existing causes of action, there is no reason in the provision for its taking effect at a future day. On the other hand, we have the opinion of Judge COOLEY, in *Price* v. *Hopkin* (13 Mich. 318), in support of the proposition that the statute begins to speak the moment it takes effect and not before, and, therefore, that the period of time intervening between its passage and its taking effect is not to be counted. In his work on Constitutional Limitations, (*p. 366), that eminent jurist says that, "it is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action." It is true that his opinion, in *Price* v. *Hopkin*, had some reference to the provisions of the State Constitution; but the decision was not entirely dependent upon that feature. He takes this position that a statute has not, *ex proprio vigore*, any force until it becomes the law of the land, and that is when, by its terms, it takes effect, and as up to that moment the party is allowed by the existing law a period for the commencement of his action, if at the instant that the new statute takes effect the period is cut off, and the remedy forever barred, then the act is unconstitutional. In his language, "whether passed at that moment or before," (referring to the time of taking effect), "we conceive to be immaterial and that the statute cannot be applied * * * without violating a plain principle of constitutional law."

I incline to the view that the position taken by the Appellate Division in this action is, on the whole, the preferable one. It establishes a simple and a salutary rule in the enactment of statutes of limitation, which leaves no room for construction and doubt and which harmonizes with the principle that recognizes a statute as speaking the moment it takes effect. That a party is chargeable with knowledge of the

passage of a statute, which alters an existing law, whereby his claim may be affected, is undoubtedly true in law; but I do not consider that that is a sufficient, or satisfactory, answer to the proposition that when the legislature makes a new statute of limitations, it should make some provision therein that, after the statute takes effect, parties, whose rights of action are to be affected by the new law, shall have a reasonable period within which to prosecute their claims. It should not be left to supposition and inference from the circumstances.

There is no question as to the power of the legislature to pass, or to shorten, statutes of limitation. A party has no more a vested interest in the time for the commencement of an action, than he has in the form of the action. The only restriction upon the legislature, in the enactment of statutes of limitation, is that a reasonable time be allowed for suits upon causes of action theretofore existing. (*Rexford* v. *Knight*, 11 N. Y. 308; *People* v. *Turner*, 117 id. 227.) The question of reasonableness, naturally and primarily, is with the legislature; and, when the question is brought before the court, the surrounding circumstances are regarded in determining whether the legislature, in prescribing a period of limitation, has erred to the prejudice of substantial rights. The right possessed by a person of enforcing his claim against another is property and if a statute of limitations, acting upon that right, deprives the claimant of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law.

The plaintiff in the present case, as receiver, is asserting a right of action which existed in the corporation, viz.: to hold its directors, as its agents, to a liability to make good the damage caused to the corporate property by their wrongful acts. That was a liability existing at common law and the statute allowed to him the period of six years from the time it arose within which to prosecute it. When, subsequently, the legislature curtailed his right to sue, by an amendment in 1897 of the general Statute of Limitations, which allowed no time in

which he might bring the suit after the statute had come into operation, he had the right, in his representative capacity, to assert its unconstitutionality as affecting the cause of action against the defaulting directors, which had vested in him as receiver.

My conclusion is that the Appellate Division correctly sustained the plaintiff's demurrer to this defense and that the question certified to us should be answered in the affirmative.

The order should be affirmed, with costs.

All concur.

Order affirmed.