OPINION OF THE COURT
Robert A. Harlem, J.
This is a motion pursuant to CPLR 2221 for reargument of the denial of a motion to dismiss. The dismissal motion was grounded upon the one-year limitation period prescribed by Education Law § 3813 (2-b). The denial followed from the conclusion that the limitation period was intended to be given prospective application only and that the plaintiff’s claim was subject to the six-year limitation period for contract actions (CPLR 213 [2]).
Since that decision, the Appellate Division, Third Department, in McGuirk v City School Dist. of City of Albany (116 *1127 AD2d 363) has held that Education Law § 3813 (2-b) should be given retrospective effect. The defendant requests that the court reconsider its previous decision based upon the determination of the Appellate Division.
Education Law § 3813 (2-b) became effective immediately upon enactment on July 31, 1981. It prescribes that any action against a school district must be commenced within one year from the time the cause of action arose, notwithstanding any other provisions of law providing a longer period of time in which to commence the action.
In order to pass constitutional muster, legislation retroactively shortening a period of limitations must provide a party with a reasonable time to commence an action (Gilbert v Ackerman, 159 NY 118; Hastings v Byllesby & Co., 293 NY 404; see, McKinney’s Cons Laws of NY, Book 1, Statutes § 59). Moreover, in the absence of a clear showing of a contrary legislative intent, statutory modifications of periods of limitation are given prospective application, governing only those causes of action that arise after the date of their enactment (People v Cohen, 245 NY 419).
In McGuirk v City School Dist. of City of Albany (supra), the Appellate Division, Third Department, found that a contrary intent had been clearly demonstrated. In reaching that conclusion, the court relied upon two factors. The 1981 amendment to section 3813 expressly provided that it was to take effect immediately upon enactment (L 1981, ch 855, § 2). The court found it of greater significance that subdivision (2-a), which was added by the same legislation, was expressly given only prospective application. The absence of any similar language in subdivision (2-b) was deemed to be strong evidence that that subdivision was intended to have retrospective effect. The court also noted its conclusion that the plaintiff had a reasonable time within which to prosecute her claim under the amended statute.
In McGuirk (supra), the plaintiff had at least six months after the effective date of the legislation within which to commence her action. By any manner of reckoning the date of accrual of the plaintiff’s cause of action in this case, his action would have been immediately barred upon the effective date of the one-year Statute of Limitations. Regardless of the merits of retrospective application of the statute in McGuirk, in the context of this case, Education Law § 3813 (2-b) cannot be so applied consistent with constitutional requirements (see, *1128 Gilbert v Ackerman, supra; Rubinstein v French Hosp., 51 AD2d 563).
The defendant contends that, if necessary to preserve the constitutionality of subdivision (2-b), it should be construed to prescribe a one-year period from its effective date for the commencement of an action that would otherwise have been barred on the effective date, though within the old limitation period. Such a construction would result in the plaintiff’s action being barred because it was brought more than one year after the effective date of subdivision (2-b).
If possible, a statute is to be construed in such manner as to uphold its constitutionality (see, Loretto v Teleprompter Manhattan CATV Corp., 58 NY2d 143; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340; Matter of Schultz Mgt. v Board of Stds. & Appeals, 103 AD2d 687, affd on opn below 64 NY2d 1057; Matter of Sea Lar Trading Co. v Michael, 94 AD2d 309, appeal dismissed 60 NY2d 860; McKinney’s Cons Laws of NY, Book 1, Statutes § 150). On the other hand, where the words of a statute are free from ambiguity, clearly expressing the legislative intent, the role of the court is to give effect to the plain meaning of the words and resort may not be had to other means of interpretation (Eaton v New York City Conciliation & Appeals Bd., supra; McKinney’s Cons Laws of NY, Book 1, Statutes § 76). Statutes of Limitation are not open to discretionary change by the courts (Arnold v Mayal Realty Co., 299 NY 57). In addition, CPLR 201 expressly prohibits the courts from extending the time limited by law for the commencement of an action.
Education Law § 3813 (2-b) expressly limits the period for bringing an action against a school district to one year following the accrual of a cause of action. There would appear to be no authority for the court, in effect, extending that time for causes of action accruing before the effective date of the statute to one year from the effective date. Consequently, because it would be unconstitutional to apply the one-year Statute of Limitations to this plaintiff’s claim, his action is still subject to the six-year Statute of Limitations applicable to contract actions generally and, therefore, was commenced in a timely fashion.
The denial of defendant’s motion to dismiss should not be disturbed.