■ HAROLD ALSTON, Appellant, v TRANSPORT WORKERS UNION OF GREATER NEW YORK, Respondent. [639 NYS2d 359]

In this action plaintiff seeks damages for defendant's breach of its duty of fair representation based on events which occurred between August 1986 and February 1987. Specifically, plaintiff alleges that defendant failed properly to represent him in connection with various disciplinary proceedings which eventually led to his dismissal on or about February 27, 1987. The action was commenced on or about February 9, 1993.

The question on this appeal is whether plaintiff's action is governed by the statute of limitations which became effective after his cause of action accrued (see, CPLR 217 [2] [a]).

Prior to the enactment of CPLR 217 (2) (a), the statute of limitations in actions against a labor union for breach of its duty of fair representation was six years. (See, Baker v Board of Educ., 70 NY2d 314.) CPLR 217 (2) (a), effective July 11, 1990, shortened the limitations period to four months, which commences to run on the date the employee "knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later." (CPLR 217 [2] [a]; L 1990, ch

467, § 1.) Chapter 467 took effect immediately, but provided that "it shall not apply to any actions, proceedings or charges commenced or filed prior to the effective date of this act." (L 1990, ch 467, § 5.) Thus, it is to be applied retroactively (*see, McGuirk v City School Dist.*, 116 AD2d 363), but not to those actions already commenced.

"The only restriction upon the legislature, in the enactment of statutes of limitation, is that a reasonable time be allowed for suits upon causes of action theretofore existing." (*Gilbert v Ackerman*, 159 NY 118, 124.) If a statute of limitations deprives a party "of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law." (*Supra*, at 124.) Plaintiff's cause of action accrued no later than February 27, 1987 and was thus immediately barred under CPLR 217 (2) (a) upon its effective date. While we recognize that the Legislature intended CPLR 217 to have retrospective effect, it would be unconstitutional to apply the four month limitations period to plaintiff's claim. Therefore, his action is subject to the six year statute of limitations previously in force and was timely commenced. (*See, supra; see also, O'Connor v Maine-Endwell Cent. School Dist.*, 133 Misc 2d 1126, 1128.)* Concur—Murphy, P. J., Sullivan, Ellerin and Ross, JJ.

---

* We decline to follow the reasoning in the Third Department's decision in *Kleinmann v Bach* (195 AD2d 736, 738) insofar as it supports a conclusion that, in view of the inapplicability of CPLR 217 (2) (a) to " 'actions, proceedings or charges commenced or filed prior to [its] effective date,' " i.e., July 11, 1990, and plaintiff's filing of a charge against the union with the Public Employment Relations Board (PERB) prior to that date, the statute does not apply. CPLR 217 does not itself contain the exception for previously commenced actions, proceedings or charges; the exception is contained in section 5 of chapter 467 of the Laws of 1990, which provides that "[t]his act * * * shall not apply to any actions, proceedings or charges commenced or filed prior to [its] effective date." There is nothing in CPLR 217 (2) (a), nor any other authority, which suggests that the filing of a charge with PERB extends the time for commencing an action. When read in context, it is clear that the reference in section 5 of chapter 467 to "charges * * * filed" refers not to the amendment to CPLR 217 at all, but to section 4 of chapter 467, which amended Civil Service Law § 209-a (3) to require "[t]he public employer [to] be made a party to [a certain] *charge filed* under subdivision two of this section." (Emphasis added.)