■ UNADILLA SILO COMPANY, INC., Respondent, v ERNST & YOUNG et al., Appellants, et al., Defendants. [651 NYS2d 216] —White, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 18, 1996 in Otsego County, which denied a motion by defendants Ernst & Young, Ernst & Young LLP and Ernst & Young U.S. LLP to dismiss the complaint.

In early 1995, plaintiff learned that its chief financial officer, defendant Robert Hulbert, had embezzled $1.3 million between 1987 and 1994. Hulbert's defalcations went undetected despite the fact that defendant accounting firms, Ernst & Young and Ernst & Young LLP (hereinafter collectively referred to as Ernst & Young)[1] audited plaintiff's 1989 fiscal year financial statements and reviewed those pertaining to plaintiff's fiscal years ending in 1988, 1990, 1991, 1992, 1993 and 1994. To recover its pecuniary losses, plaintiff commenced this action on April 13, 1995 asserting, *inter alia*, causes of action against Ernst & Young sounding in malpractice and breach of contract. Instead of filing an answer, Ernst & Young elected to move to dismiss plaintiff's complaint against it pursuant to CPLR 3211 (a) (1), (5) and (7). Supreme Court's denial of the motion prompted this appeal.

On a CPLR 3211 (a) (7) motion, a court's sole inquiry is whether the facts alleged in the complaint fit within any cognizable legal theory, not whether the defendant has a defense (*see, Leon v Martinez*, 84 NY2d 83, 87-88; *Beltrone v General Schuyler & Co.*, 223 AD2d 938, 939). Here, Ernst & Young did not challenge the sufficiency of plaintiff's causes of action; rather, it submitted evidentiary materials in support of its estoppel defense. Accordingly, since Supreme Court did not convert the motion into one for summary judgment, its denial of this aspect of Ernst & Young's motion was proper (*see, Pietrosanto v NYNEX Corp.*, 195 AD2d 843). In any event, we note that the complaint is sufficient since whether the services rendered by Ernst & Young were either a review or an audit, it still had an obligation to exercise due care in the performance of its duties (*see, Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 228).

To succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim (*see, Vander-*

---

1. Since August 1, 1994 Ernst & Young has conducted business as Ernst & Young LLP. Defendant Ernst & Young U.S. LLP, a partnership affiliated with Ernst & Young LLP, apparently has no connection to the events of this case.

*minden v Vanderminden*, 226 AD2d 1037, 1039; *Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 665). Here, the documentary evidence Ernst & Young relies upon are several "representation letters" it received from plaintiff. In these letters, plaintiff represented that "[t]here have been no irregularities, such as thefts, frauds, or defalcations, involving management or employees who have significant roles" in its internal operations. In addition, plaintiff acknowledged that it understood that Ernst & Young's "review cannot be relied upon to disclose errors, irregularities, or illegal acts, including fraud or defalcations, that may exist". Ernst & Young maintains that these representations and acknowledgments conclusively establish the defense of equitable estoppel.

Such a defense arises where a party makes (1) a false representation or conceals a material fact, (2) with the intention that the other party will act upon the false representation or concealment, and (3) knows the real facts (*see, Matter of Hayden v S & W Meat & Poultry*, 221 AD2d 823, 824-825). The representation letters standing alone fall short of establishing equitable estoppel for they do not conclusively show that plaintiff knew of Hulbert's defalcations when it issued the letters. Moreover, plaintiff's acknowledgment that it could not rely on the financial reviews to disclose defalcations would not be ground for an equitable estoppel since, in the absence of fraud, a mere promise to do something in the future cannot form the basis for an estoppel (57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 23, at 35).

The final issue is whether the continuous representation doctrine applies to plaintiff's causes of action that accrued before April 13, 1989 that otherwise would be barred by the six-year Statute of Limitations (*see, Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 707).[2] This doctrine tolls the Statute of Limitations until an accountant stops rendering professional services to the client on a particular matter (*see, Cuccolo v Lipsky, Goodkin & Co.*, 826 F Supp 763, 768). The scope of this doctrine is limited by the rule that the mere recurrence of professional services does not constitute continuous representation where such services were not related to the original service that was negligently performed (*supra*). At this early stage in the proceedings, the record has not been sufficiently developed to permit us to make an informed determination as

2. CPLR 214 (6) has been amended to provide that an action for malpractice, except medical, dental or podiatric malpractice, shall be governed by the three-year Statute of Limitations, regardless of whether the underlying theory is based on contract or tort (*see*, L 1996, ch 623).

to whether the services Ernst & Young provided plaintiff after April 13, 1989 were related to those it provided in an allegedly negligent manner prior to that date. In view of this unresolved question of fact, Supreme Court did not err in denying Ernst & Young's motion (*see, Weiss v Manfredi*, 83 NY2d 974, 977; *McDermott v Torre*, 56 NY2d 399, 406).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.