■ BOARD OF MANAGERS OF THE OCEAN CLUB AT LONG BEACH CONDOMINIUM, Respondent, v HERBERT MANDEL, Appellant. [652 NYS2d 301] —In an action, *inter alia,* to recover damages for negligence and architectural malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered March 14, 1996, which denied his motion for summary judgment dismissing the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

Notwithstanding the defendant's contentions that he performed services under two different agreements, and that the allegations in the complaint arose out of services rendered in connection with work identified in the first agreement, there was but one Ocean Club project for which the defendant served as the architect. This is evidenced by the Condominium Offering Plan and the Amended and Restated Condominium Offering Plan which reveal a single Ocean Club project in which the defendant was involved from the planning stage. The performance of services by the defendant relative to the work described in the second agreement, even before the signing of that agreement, also supports the conclusion that architectural services were supplied with respect to a single project (*see, City of New York v Castro-Blanco, Piscioneri & Assocs.,* 222 AD2d 226; *cf., Hauppauge Union Free School Dist. v Smith Assocs.,* 216 AD2d 354).

Accordingly, summary judgment was properly denied by the Supreme Court. The six-year Statute of Limitations, which applies in this case based upon the defendant's alleged malpractice (*see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389), generally accrues upon completion of the construction of the entire project (*see, State of New York v Lundin,* 60 NY2d 987; *Sears, Roebuck & Co. v Enco Assocs., supra*). In this case construction of the project was never completed and there is a question of fact as to when the relationship between the parties terminated. We note that the recent amendment to CPLR 214 (6) effective September 4, 1996 (L 1996, ch 623), making an action to recover damages for malpractice (other than medical, dental, or podiatric malpractice) subject to a three-year Statute of Limitations, regardless of whether the underlying theory is based in contract or tort is not applicable to this case.

Finally, although the "continuous treatment" doctrine may apply to architects in a proper case (*see, Hauppauge Union Free School Dist. v Smith Assocs., supra; Board of Mgrs. v Vector Yardarm Corp.,* 172 AD2d 303; *Greater Johnstown City School Dist. v Cataldo & Waters,* 159 AD2d 784) there is a question of fact as to whether the doctrine is applicable in this case. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.