OPINION OF THE COURT
Marvin E. Segal, J.
In Matter of Beary v City of Rye (44 NY2d 398, 410), the Court of Appeals explained that its "task” was to determine whether, "in relaxing the strictures of section 50-e in 1976, the Legislature intended that the changes it wrought apply to claims that accrued before September 1 of that year.” The *708 Court of Appeals commented that, "[o]f course, had the amendatory language been explicit, we would have had no such burden. For our quest is not for what we might have preferred the Legislature to have done, but for what it in fact did. Since the direct answer is not evident from the statutory language itself, we must seek other guideposts” (supra). This court has a similar task.
When the Legislature amended CPLR 214-a effective July 1, 1975 reducing the Statute of Limitations governing medical malpractice actions from 3 years to 21h years, the Legislature explicitly provided, in chapter 109, § 37 of the Laws of 1975, that the amendment would be applicable to any act, omission or failure to act accruing on or after the effective date.
Effective September 4, 1996, the Legislature amended CPLR 214 (6) so as to repeal the judicial rule enunciated in Santulli v Englert (78 NY2d 700) and provide that the Statute of Limitations in actions based on professional nonmedical malpractice is three years, "regardless of whether the underlying theory is based in contract or tort” (CPLR 214 [6], as amended by L 1996, ch 623). The legislation states that the act "shall take effect immediately” (L 1996, ch 623, § 2). It does not set forth explicitly, as did chapter 109, § 37 of the Laws of 1975, that the legislation applies only to acts, omissions or failures to act occurring on or after the effective date.
The purported legal malpractice underlying the instant litigation occurred at the latest on May 15, 1991. The plaintiff commenced the instant action, seeking only pecuniary damages, on April 2, 1996. As of the date of its commencement, the action was not time barred according to the rule of law set forth in Santulli v Englert (supra; see also, Jorgensen v Silver-man, 224 AD2d 665) as the action was commenced within six years of the alleged legal malpractice.
The defendant now moves (1) for leave to amend his answer pursuant to CPLR 3025 to add the affirmative defense that the action is time barred and for (2) summary judgment pursuant to CPLR 3212 dismissing the complaint. The plaintiff opposes the application on the ground that the amendment to CPLR 214 (6) should be applied only to nonmedical malpractice accruing on or subsequent to September 4, 1996. The defendant contends that the intent of the Legislature in enacting chapter 623 of the Laws of 1996 was not to change the Statute of Limitations governing nonmedical malpractice, but to clarify that the period of limitation as intended by the Legislature was and always had been three years.
*709 The comment entitled "justification” accompanying Senate Bill S 7590 states as follows:
"The legislature of the State of New York had originally expressed its intent in enacting the statute of limitations for actions for general malpractice in CPLR section 214(6) to be three years * * *
"The Courts have recently expanded the statute of limitations, in cases where the essential actions complained of consist of malpractice, to six years under breach of contract theory, thereby abrogating and circumventing the original legislative intent.
"Unless the legislature reaffirms its intent as to the statute of limitations to be applied in cases governed by * * * Section 214(6) * * * the Courts will continue to expand the statute of limitations in general malpractice cases * * * to be governed by the six year breach of contract theory as set forth in CPLR Section 213(2).
"It is essential that * * * Section[ ] 214(6) * * * of the CPLR be amended to reaffirm the legislative intent that where the underlying complaint is one which essentially claims that there was a failure to utilize reasonable care or where acts of omission or negligence are alleged or claimed, the statute of limitations shall * * * be three years if the case comes within the purview of CPLR Section 214(6) * * * regardless of whether the theory is based in tort or in a breach of contract” (Mem in Support, 1996 McKinney’s Session Laws of NY, at 2547).
The application of a legislative enactment, shortening a Statute of Limitations, so as to render an otherwise viable, existing action, time barred, would have impermissible constitutional implications (see, Robinson v Robins Dry Dock & Repair Co., 238 NY 271, rearg denied 239 NY 504, appeal dismissed 271 US 649). Accordingly, the 1975 abbreviation of the Statute of Limitations for medical malpractice actions specifically applied only to acts of medical malpractice occurring after the effective date of the enactment of the reduced period of limitations.
Here, however, the subject amendatory language was clearly intended by the Legislature not to shorten the Statute of Limitations but to clarify that the statute, as previously enacted, was intended only to provide for a three-year period of limitations. The general rule of construction favors the prospective application of a statute unless a "contrary [intent] is clearly * * * divined” (Matter of Beary v City of Rye, supra, 44 NY2d, at 410; Matter of Mulligan v Murphy, 14 NY2d 223; McKin *710 ney’s Cons Laws of NY, Book 1, Statutes §§ 51, 52). The court herein "clearly divines” that the legislative intent underlying the enactment of chapter 623 of the Laws of 1996 was to clarify that the period of limitations in all nonmedical malpractice actions was three years since the initial enactment of CPLR 214 (6), and that accordingly the three-year Statute of Limitations must be applied to acts of nonmedical malpractice which occurred prior to September 4, 1996.
The amendment to the answer sought by the defendant, to add an affirmative defense that the action is time barred, is meritorious and would result in dismissal of the complaint pursuant to CPLR 3211 (a) (5) and 3212.
The defendant is granted leave to amend his answer (CPLR 3025; McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755), and the action is dismissed pursuant to CPLR 3211 (a) (5) and 3212.