OPINION OF THE COURT
Louise Gruner Gans, J.
*41 This decision adds to the current judicial debate over the effect of the 1996 amendment to CPLR 214 (6) which significantly shortened the Statute of Limitations in nonmedical malpractice actions. (L 1996, ch 623.) No appellate court has yet to address the issue squarely and the trial courts which have done so have not always ruled consistently.
Plaintiff Karl Davis was injured on February 3, 1989 when he fell from a scaffold at the General Motors Corporation plant in North Tarrytown, New York, where he was employed as a welder /millwright. In March 1989, plaintiff retained defendant Bernard A. Kuttner, Esq., doing business as Kuttner Law Offices and Kuttner & Affiliates (Kuttner), as his attorney and Kuttner filed a workers’ compensation claim on plaintiff’s behalf. In June 1989, Kuttner referred the matter to defendant Eric I. Fogelgaren, Esq., and the other named law firms with which he was associated (collectively Fogelgaren), allegedly with plaintiff’s knowledge and consent.[1]
According to Kuttner, he wrote plaintiff a few letters in 1990 and 1991, and his last dealing occurred in November 1991, after Fogelgaren informed Kuttner that plaintiff’s workers’ compensation matter was closed. Since that time, Kuttner alleges that he and plaintiff have had no further contact.
Plaintiff contends that, as a referring attorney, Kuttner’s representation continued through the conclusion of Fogelgaren’s representation. Because Fogelgaren affirmed to the Workers’ Compensation Board as recently as March 1995, that he was plaintiff’s attorney, plaintiff maintains that Kuttner likewise continued to represent him through this 1995 date.
Plaintiff commenced the instant action for legal malpractice in 1994. However, Kuttner was not initially named as a defendant. Not until February 3, 1997, did plaintiff serve Kuttner with a supplemental summons and amended verified complaint, which had been filed on January 29, 1997. The amended complaint alleges, inter alia, that Kuttner committed legal malpractice by: (1) concluding that plaintiff’s sole remedy was a claim under the Workers’ Compensation Law; (2) failing to institute a Labor Law § 240 action against the municipal owner of the premises where plaintiff was injured and the independent contractors of his employer; and/or (3) failing to file a notice of claim or a late notice of claim against the municipal *42 owner of the premises pursuant to General Municipal Law § 50-e. Plaintiff seeks compensatory damages and punitive damages based on Kuttner’s alleged malpractice (first and second causes of action), and his alleged fraud and breach of fiduciary duty (third cause of action).
Kuttner has moved for an order pursuant to CPLR 3211 (a) (5) dismissing the complaint as against him on the ground that the action is barred by the three-year Statute of Limitations applicable to legal malpractice actions, CPLR 214 (6), as recently amended. Kuttner asserts that at the latest plaintiff’s claims began to accrue in November 1991, and because the amendment to CPLR 214 (6) was "effective immediately” upon enactment in September 1996, plaintiff’s claims are barred under the three-year limitations period in effect when plaintiff commenced the action against him in January 1997.
Plaintiff opposes the motion, arguing that: (1) the former six-year Statute of Limitations applies to all claims which accrued prior to the effective date of the amended statute; (2) the application of the three-year Statute of Limitations to his claims would unconstitutionally deprive him of a vested property right; and (3) material issues of fact exist as to the applicability of the continuous representation doctrine, which would toll the Statute of Limitations.
For the reasons which follow, the court determines that plaintiff’s claims are not time barred and the motion to dismiss the claims asserted against defendant Kuttner is denied.
On September 4, 1996, CPLR 214 (6) was amended "effective] immediately” (L 1996, ch 623, § 2) to provide for a three-year Statute of Limitations in "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based on contract or tort”. (L 1996, ch 623, § 1.) The amendment was intended to repeal the judicially created rule in the case of Santulli v Englert, Reilly & McHugh (78 NY2d 700 [1992]) and its progeny, which held that the six-year Statute of Limitations for breach of contract actions applies to all legal malpractice actions seeking damages for pecuniary or property loss, regardless whether the claim is in tort or contract. (Garcia v Director, NYLJ, Jan. 17, 1997, at 26, col 2 [Sup Ct, NY County]; Russo v Waller, 171 Misc 2d 707 [Sup Ct, Nassau County]; Housman and Hirsch, Courts Split on Application Of Statute of Limitations Amendment, NYLJ, Mar. 7, 1997, at 1, col 1.)
Here, even though the three causes of action asserted against Kuttner sound in tort and not in contract, when they accrued *43 in November 1991, the rule of Santulli v Englert, Reilly & McHugh (supra) would have required the application of the six-year Statute of Limitations; under that six-year period, the commencement of the action against Kuttner in January 1997 would be timely. By January 1997, however, nearly five months had elapsed since the effective date of the amendment eliminating the rule of Santulli; under the new three-year period, the action against Kuttner would be barred.
Since the amendment to CPLR 214 (6), the majority of New York trial courts and the Federal District Court have concluded that the statute as amended is not retroactive with respect to claims that both accrued and were filed prior to its effective date, albeit not always following the same line of reasoning. (White of Lake George v Bell, 173 Misc 2d 423 [Sup Ct, Albany County 1997]; Garcia v Director, supra; Federal Deposit Ins. Corp. v Pelletreau & Pelletreau, 965 F Supp 381 [ED NY 1997]; Keller v Lee, 1997 WL 218435 [SD NY, Apr. 30, 1997, Cote, J.], mot to certify appeal granted 1997 WL 289853 [SD NY, May 29, 1997, Cote J.]; Mason Tenders Dist. Council Pension Fund v Messera, 958 F Supp 869 [SD NY 1997]; Estate of Re v Kornstein Veisz & Wexler, 958 F Supp 907 [SD NY 1997]; Durkin v Shea, 957 F Supp 1360 [SD NY 1997]; Kent v Brofman, 1997 WL 305254 [SD NY, May 28, 1997, Parker, J.]; contra, Russo v Waller, supra; see also, Spencer, Retroactivity Rejected For Time-Bar Revisions On Malpractice Actions, NYLJ, July 18, 1997, at 1, col 3; Siegel, Conflicts Over Retroactivity of 3 New Laws: Malpractice, Employers, Summary Judgment, NYLJ, Mar. 31, 1997, at 1, col 1; Housman and Hirsch, Courts Split on Application Of Statute of Limitations Amendment, op. cit.)
Two postamendment decisions of the Appellate Division have applied the six-year Statute of Limitations without addressing directly the question of the retroactivity of the new three-year period. (Board of Mgrs. v Mandel, 235 AD2d 382 [2d Dept 1997]; Unadilla Silo Co. v Ernst & Young, 234 AD2d 754 [3d Dept 1996].)[2]
Despite the numerous trial level decisions, no court has determined on the merits the precise question of retroactivity presented in this case, where the action was commenced after *44 enactment of the amendment, based on claims which accrued beforehand and became time barred immediately upon the effective date of the amended statute.[3] The court assumes that the amendment to CPLR 214 (6) must be treated as technically retroactive in this situation (cf., Panigeon v Alliance Nav. Line, 1997 WL 473385 [SD NY, Aug. 19, 1997, Scheindlin, J.], supra), but holds that under the facts of this case, overriding constitutional prohibitions control the ultimate outcome.
Both the United States Supreme Court and the New York Court of Appeals have long recognized the Legislature’s power to create a new or curtail an existing Statute of Limitations intended as a retrospective law. (See, e.g., Wilson v Iseminger, 185 US 55 [1902]; Gilbert v Ackerman, 159 NY 118 [1899].) That power is restricted only to the extent that it be exercised within the following constitutional parameters: "[A]ll statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action; though what shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice.” (Wilson v Iseminger, supra, at 62-63; see also, Terry v Anderson, 95 US 628 [1877]; Hodel v Irving, 481 US 704, 732, n 16 [1987]; Block v North Dakota, 461 US 273, 286, n 23 [1983]; Texaco, Inc. v Short, 454 US 516, 527 [1982]; Parmenter v State of New York, 135 NY 154 [1892]; Gilbert v Ackerman, supra, at 124; Halstead v Silberstein, 196 NY 1, 14 [1909]; Hastings v H. M. Byllesby & Co., 293 NY 413, 419-420 [1944]; McKinney’s Cons Laws of NY, Book 1, Statutes §59.)
*45 It is clear from the language of Wilson v Iseminger (supra, at 62-63), as well as from Gilbert v Ackerman (supra, at 124) and the other New York Court of Appeals decisions cited, that the reasonable time which is a condition for the retrospective shortening of a Statute of Limitations must be provided by the Legislature. Where the Legislature does not prescribe any such time, then there is none. In those circumstances, a claim governed by an expired shortened Statute of Limitations cannot be revived by the application of the "reasonable time” concept. Alternatively, where the time to bring suit has not expired under the newly enacted shortened Statute of Limitations, the length of the remaining period is assessed to determine whether it provides a remaining reasonable time to sue.
In a case such as this one, where in shortening the Statute of Limitations the Legislature affords plaintiff no time to prosecute his claims, and no time whatever remained for him to sue under the shortened statute, as a matter of law plaintiff is deprived of a reasonable time to bring suit, which "violates the constitutional provision that no person shall be deprived of property without due process of law.” (Gilbert v Ackerman, supra, at 124.)
This principle was only recently reiterated by the Appellate Division, First Department, in Alston v Transport Workers Union (225 AD2d 424 [1st Dept 1996]), in connection with the application of an amendment to CPLR 217 (2) (a). There, as here, plaintiffs action was not covered by the shortened Statute of Limitations that became effective after his cause of action accrued. An amendment to CPLR 217 (2) (a) reduced the limitations period to four months from six years in an action against a union for breach of its duty of fair representation. The Court recognized that the Legislature expressly intended the amended statute to have retrospective effect.[4] Nevertheless, relying on Gilbert v Ackerman (supra), the Court concluded that it would be unconstitutional to apply the four-month limitations period to plaintiffs action, even though it had been commenced two and a half years after the amendment took effect, because the action would have been immediately barred *46 upon the amendment’s effective date. (Alston v Transport Workers Union, supra, at 425; see also; Hastings v H. M. Byllesby & Co., supra, at 419-420; Rubinstein v French Hosp., 51 AD2d 563 [2d Dept 1976]; O’Connor v Maine-Endwell Cent. School Dist., 133 Misc 2d 1126 [Sup Ct, Broome County 1986]; Estate of Re v Kornstein Veisz & Wexler, supra, at 918.)
Here, just as in Gilbert v Ackerman (supra) and Alston v Transport Workers Union (supra), plaintiff’s claims against Kuttner were immediately barred upon the effective date of the three-year Statute of Limitations. Under these circumstances, where no time at all remained for plaintiff to commence an action against Kuttner, the amendment to CPLR 214 (6) cannot be applied consistent with constitutional requirements. (Supra; Gilbert v Ackerman, supra; Rubinstein v French Hosp., supra; O’Connor v Maine-Endwell Cent. School Dist., supra.) Thus, plaintiffs claims against defendant Kuttner are subject to the six-year Statute of Limitations previously in force and are timely. (Alston v Transport Workers Union, supra.)
In light of this determination, the court need not consider the question of Kuttner’s continuous representation of plaintiff, which the parties sharply dispute.
Accordingly, it is hereby ordered that defendant Kuttner’s motion to dismiss the complaint is denied; and it is further ordered that defendant Kuttner is directed to serve his answer within 20 days after service of a copy of this order with notice of entry.

. Although not relevant to the determination of the instant motion, it is disputed whether plaintiff retained Kuttner solely to process a workers’ compensation claim, or whether such retention also included the potential prosecution of a personal injury lawsuit.

. In Board of Mgrs. v Mandel (supra, at 383), the Appellate Division, Second Department, acknowledged the 1996 amendment and noted without explanation that it "is not applicable to this case.” In Unadilla Silo Co. v Ernst & Young (supra, at 755, n 2), the Appellate Division, Third Department, simply referenced the amendment in a footnote and applied the old law.

. See Elghanian v Eaton & Van Winkel (NYLJ, June 24, 1997, at 26, col 5 [Sup Ct, NY County]), which considered these circumstances only by way of dictum, and Panigeon v Alliance Nav. Line (1997 WL 473385, 3 [SD NY, Aug. 19, 1997, Scheindlin, J.]), which held that the shortened Statute of Limitations would apply to claims accruing prior to the 1996 effective date of the amendment and filed thereafter, where the shortened period of limitations had not expired until "a reasonable time” after the amendment, but the claim was not filed until after its expiration.

. The legislation amending the Statute of Limitations, CPLR 217 (2) (a), took effect immediately but provided that "it shall not apply to any actions, proceedings or charges commenced or filed prior to the effective date of this act.” (L 1990, ch 467, § 5.) On this basis, the Appellate Division found that it was to be applied retroactively but not to those actions already commenced. (Alston v Transport Workers Union, supra, at 425.)