**Daniel Delli BOVI, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., et alia, Defendants.**

**No. CV–96–6224 (CPS).**

United States District Court, E.D. New York.

Dec. 31, 1997.

Howard D. Bader, Ballon, Stoll, Bader & Nadler, P.C., New York City, for Daniel Delli Bovi.

Peter D. Conrad, Proskauer, Rose, Goetz & Mendelsohn, New York City, for United Parcel Service, Inc., Nicholas Federecci, Anthony Santorro.

Russell S. Hollander, Cohen, Weiss & Simon, New York City, David Rosen, O'Donnell, Schwartz, Glanstein & Rosen, New York City, for Local 804 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Matthew F. Schwartz, Siller & Wilk LLP, New York City, for Cohen Weiss and Simon, Earl Pfeffer.

James Robbins, White, Fleischner & Fino, New York City, for Reisman Abramson & Magro, P.C.

## MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Plaintiff Daniel Delli Bovi brings this action alleging wrongful discharge by the United Parcel Service ("UPS"), Nicholas Federecci, and Anthony Santorro, alleging breach of duty of fair representation by defendant Local 804 of the International Brotherhood of Teamsters, and alleging malpractice against the law firm of Reisman, Abramson & Magro, P.C. ("Reisman"). Defendant Reisman now seeks dismissal of the claim against it and plaintiff opposes the application, seeking in the alternative to amend his complaint.

## BACKGROUND

The following facts are taken from plaintiff's amended complaint. Plaintiff commenced this action on November 25, 1996, in state court. The action was later removed to this Court. Plaintiff's original complaint was later amended to reflect the dismissal of claims against two defendants not listed above. Plaintiff alleges that in May 1992 he retained Reisman to represent him in a dispute before the Worker's Compensation Board regarding injuries he suffered on the job while working for UPS. Plaintiff states that on May 5, 1992, he had a hearing before the Board to establish the plaintiff's rate of compensation and average wages for the time period of his recovery. Plaintiff states that at the hearing he met with Stuart Goldstein, a lawyer employed by Reisman. After a short discussion, plaintiff states that Goldstein told him to wait outside the hearing room. Plaintiff states that prior to the hearing the clerk inquired if anyone was present for the hearing and that he made his presence known to the clerk. While plaintiff was

waiting for his case to be called, he states that Goldstein told him to go home. For purposes of this motion, defendant does not dispute these assertions.

Plaintiff's complaint further alleges that he continued working for UPS until he sustained another injury that kept him out of work until November 13, 1995. Upon his return, plaintiff states that UPS charged him with fraudulently claiming four hours of pay for his attendance at the hearing on May 5, 1992, on the ground that he had not actually appeared at the hearing. On the basis of these allegations, plaintiff was terminated by defendant Santorro on November 13, 1995. Again for purposes of this motion, defendant does not dispute these assertions.

Pursuant to a collective bargaining agreement, plaintiff states he filed a grievance with his Local 804 union representative challenging his termination. During arbitration in the spring of 1996, despite subpoenas, Goldstein failed to appear to corroborate plaintiff's account that he had in fact attended the hearing on May 5, 1992. Plaintiff alleges that his union representative did not adequately present his case because the union failed to ensure Goldstein's presence to testify as to plaintiff's presence at the hearing on May 5, 1992. As a result of this lack of corroboration, on June 15, 1996, the arbitration panel ruled against plaintiff, finding that he had been terminated for just cause. This suit followed.

Defendant Reisman now moves for summary judgment to dismiss the claim against it on the ground that it is barred by the statute of limitations and, in the alternative, moves to dismiss plaintiff's claim on the ground that it fails to state a cause of action.[1]

## DISCUSSION

### Statute of Limitations

Federal Rule of Civil Procedure 56(c) provides that summary judgment must be granted if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of demonstrating the absence of any disputed material facts, and the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. See Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir.1990).

The showing needed on summary judgment reflects the burden of proof in the underlying action. The court must consider "the actual quantum and quality of proof" demanded by the underlying cause of action and which party must present such proof. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Therefore, where the ultimate burden of proof is on the nonmoving party, the moving party meets his initial burden for summary judgment by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To survive the motion, the nonmoving party must then "make a showing sufficient to establish the existence of [the challenged] element essential to [that party's] case." Id. at 322. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247–48. In conclusion, summary judgment is appropriate "[w]hen the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

At issue here is whether plaintiff's claim is barred by the statute of limitations for malpractice actions. Plaintiff filed his original complaint on November 25, 1996, four and one-half years after his cause of action accrued on May 5, 1992. In 1992, when plaintiff's cause of action arose, the statute of limitations for legal malpractice founded in contract was six years, as interpreted by the New York Court of Appeals. See Santulli v.

---

1. Defendants UPS, Federicci, Santorro, and Local 804 have submitted letters indicating that they do not oppose plaintiff's request to amend the complaint. The grounds for dismissal sought by defendant Reisman do not concern the claims against these other defendants.

*Englert, Reilly & McHugh, P.C.,* 78 N.Y.2d 700, 579 N.Y.S.2d 324, 586 N.E.2d 1014 (1992).[2]

On September 4, 1996, N.Y.C.P.L.R. § 214 was amended, limiting the statute of limitations for all claims of legal malpractice to three years. Thus, the question here is whether this new amendment applies to plaintiff's claim which accrued prior to the amendment but not filed until after the amendment.

New York courts that have considered the effect of the 1996 amendment to § 214 have split as to whether it should be applied retroactively. *See Garcia v. Jonathan Director,* N.Y.L.J. (Sup.Ct. Jan. 17, 1997) (finding that amendment to § 214 should be applied only prospectively because retroactivity would deprive plaintiff of right to seek redress); *Elghanian v. Eaton & Van Winkle,* N.Y.L.J. (Sup.Ct. June 24, 1997) (finding statute amending § 214 does not explicitly state that amendment should be applied retroactively and thus general presumption of prospective application governs). *But see Russo v. Waller,* 171 Misc.2d 707, 655 N.Y.S.2d 313, 314 (Sup.Ct.1997) (finding legislative intent was to apply amendment to § 214 retroactively to acts occurring prior to amendment).

The only appellate courts to address this issue have done so obliquely. In *Board of Managers v. Mandel,* 235 A.D.2d 382, 652 N.Y.S.2d 301, 302 (2d Dept.1997), the court noted the existence of the 1996 amendment to Section 214, but applied the six-year statute of limitations to a case filed prior to the amendment. In *Unadilla Silo Co., Inc. v. Ernst & Young,* 234 A.D.2d 754, 651 N.Y.S.2d 216, 218 n. 2 (3d Dept.1996), the court mentioned the amendment of the statute of limitations in a footnote, applying the six-year breach of contract statute of limitations to the case.

Federal courts addressing the issue, while disagreeing as to whether the legislature intended the 1996 amendment of § 214(6) to apply retroactively, have nonetheless found that it should be applied only prospectively. *See FDIC v. Pelletreau Pelletreau,* 965 F.Supp. 381, 386 (E.D.N.Y.1997) ("1996 amendment should not be applied retroactively"); *Mason Tenders District Council Pension Fund v. Messera,* 958 F.Supp. 869 (S.D.N.Y.1997) (applying the six-year statute of limitations to malpractice claims); *Durkin v. Shea,* 957 F.Supp. 1360 (S.D.N.Y.1997) (finding that no clear legislative intent that amendment should apply retroactively and that amendment should not apply to previously commenced case); *Estate of Re v. Kornstein Veisz & Wexler,* 958 F.Supp. 907 (S.D.N.Y.1997) (finding legislature intended amendment to apply retroactively but that it could not apply in case where it would extinguish claim filed within limitations period then applicable).

■ N.Y.Stat.Law § 51 provides that statutes are generally construed as prospective unless the language of the statute expressly or by necessary implication requires that it be given a retroactive construction. A statute is retroactive, under § 51 if it takes away or impairs vested rights, affecting acts occurring or rights accruing before the law came into force.

■ I find it unnecessary to explore the legislature's intent as to whether the amendment should apply retroactively since due process and New York law preclude the application of the amendment to acts occurring or rights accruing before its enactment without providing a reasonable period of time for parties to prosecute their claims. N.Y.Stat. Law § 59 provides that the legislature has the power to shorten the statute of limitations for actions when this power is reason-

---

**2.** According to *Santulli* and earlier precedents, a claim for legal malpractice can be based in contract because all potential liability arises out of the agreement by plaintiff to have the defendant lawyer or law firm represent plaintiff. 579 N.Y.S.2d at 327, 586 N.E.2d at 1017 (citing *Sears, Roebuck & Co. v. Enco Assocs.,* 43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977)). The court in *Santulli* also found that the statute of limitations to be used should be one that is

related to the remedy sought, not the theory of liability. 579 N.Y.S.2d at 328, 586 N.E.2d at 1018. As noted by federal district courts on this issue, New York courts, up until the amendment of N.Y.C.P.L.R. § 214(6), "consistently applied" the six-year statute of limitations for contract actions to claims of legal malpractice. *See, e.g., Durkin v. Shea,* 957 F.Supp. 1360, 1372 (S.D.N.Y.1997).

ably exercised. Commentary to this section clarifies this rule: "Where a statute of limitations shortens the time for the enforcement of an existing right the Legislature must nevertheless afford the parties a reasonable time in which to prosecute their claims...." Thus, even if the legislature intended the 1996 amendment to apply retroactively, a question I do not address, such retroactive application could not apply to claims accruing prior to its enactment.

Delli Bovi's action accrued on May 5, 1992. At that time under New York law, plaintiff had until May 5, 1998, to file a claim of legal malpractice based in contract such as he alleges. Under the new amendment, effective September 4, 1996, plaintiff's claim would have been immediately extinguished were it to apply retroactively, as more than three years had passed since the claim arose, even though under the earlier law plaintiff would still have had over a year and a half in which to commence his action. As a result, the amendment cannot apply to plaintiff's cause of action.

■ Defendant Reisman argues that, even if the amendment to § 214 applies only prospectively, it should bar plaintiff's claim because the instant action was not commenced until November 25 1996, over two months after the amendment took effect. As noted above, however, under defendant's approach plaintiff's complaint would have been immediately barred upon the enactment of the amendment, even though a day prior to such enactment plaintiff could have reasonably expected to have almost two more years in which to file. Such a reading of the statute would violate due process. *Elgahnian v. Eaton & Van Winkle*, N.Y.L.J. (Sup.Ct., June 24, 1997).

Other New York courts interpreting new statutes of limitations have found that such amendments must provide a reasonable period of time for suits upon causes of action previously existing, or such amendments

would violate due process. *See Alston v. Transport Workers Union of Greater New York*, 225 A.D.2d 424, 639 N.Y.S.2d 359, 360 (1st Dept.1996) (finding that, despite retrospective effect of N.Y.C.P.L.R. 217, it would be unconstitutional to apply new statute of limitations to plaintiff's claim); *O'Connor v. Maine–Endwell Central School District*, 133 Misc.2d 1126, 509 N.Y.S.2d 472, 474 (Sup.Ct. 1986) (finding application of new statute of limitations to action previously accrued would be unconstitutional because the action would have been immediately barred upon the amendments effective date).[3]

The court in *Elgahnian* found that, because the legislature did not provide an explicit period of time after the effective date of the amendment to N.Y.C.P.L.R. § 214 for individuals to bring accrued malpractice claims that would have otherwise been timely, it was up to the court to determine whether the action had been timely filed. But in *Alston* the court simply held a new statute of limitations inapplicable and applied the prior statute of limitations relevant to the claim. Regardless of approach, plaintiff here filed within three months of the effective date of the amendment to N.Y.C.P.L.R. § 214, well within the old statute of limitations and within a reasonable period of time after the new statute of limitations went into effect.

Thus, defendant Reisman's motion for summary judgment on the ground that plaintiff's complaint is time barred is denied.

### Failure to State a Cause of Action

In reviewing a complaint for dismissal under Rule 12(b)(6), the district court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the complaining party's favor. *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.); *see Sykes v. James*, 13 F.3d 515, 518–19 (2d Cir.1993). The complaint may be dismissed only where "it appears beyond doubt that the [complainant] can prove no set

**3.** In *Estate of Re,* the district court questioned the broad protection of due process given by New York courts in such situations as being contrary to recent Supreme Court decisions. 958 F.Supp. at 919. The district court went on to find, however, that such broad protection in the area of the retroactivity of revised statutes of limitation continues to be upheld in New York courts despite these recent opinions by the Supreme Court and that it is likely that the New York Court of Appeals would root this rule in the state constitution "if necessary to preserve it." *Id.*

of facts in support of his claim which would entitle him to relief." *Id.* (internal citations omitted); *Frazier v. Coughlin,* 850 F.2d 129, 129 (2d Cir.1988).

■ A legal malpractice claim in the State of New York requires plaintiff to establish four elements: 1) existence of an attorney-client relationship, 2) negligence on the part of the attorney, 3) proximate cause, and 4) proof that, but for the alleged acts of malpractice, plaintiff would not have suffered the injury. *See Sacco v. Burke,* 764 F.Supp. 918 (S.D.N.Y.1991); *Ospina v. Booth,* 1995 WL 386485 (S.D.N.Y.1995) (citations omitted).

Defendant Reisman argues that plaintiff has failed to meet the third and fourth requirement because Delli Bovi fails to allege facts to show that he would have prevailed in either the worker's compensation case or at the grievance hearing related to the termination of his employment "but for" the actions of defendant. Plaintiff recognizes certain defects in his complaint and has, accordingly, submitted a cross-motion to amend his complaint to include allegations from which it may be inferred that, but for Goldstein's malpractice, the outcome of the grievance proceeding would have been different.

■ Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Furthermore, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party ... futility of amendment, etc.,—the leave sought should, as the rules require, be freely given." *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Here, it appears that the amendment sought would fill the gap in plaintiff's pleadings that is the subject of this motion to dismiss. Defendant has not asserted that it would be prejudiced by any such amendment, and, indeed, it is already aware of the general nature of plaintiff's complaint.

For the reasons stated above, defendants motion to dismiss the amended complaint is granted, with leave for plaintiffs to file a second amended complaint within thirty days of the date of this opinion.

The docket clerk is directed to mail a copy of the within to all parties.

SO ORDERED.