ERIC SECORD et al., Plaintiffs, v WILLOW RIDGE STABLES, INC., Defendant and Third-Party Plaintiff-Appellant. WOODFORD BROS., INC., Third-Party Defendant-Respondent. [690 NYS2d 375] —Order unanimously affirmed with costs. Memorandum: This is an action to recover for personal injuries sustained by Eric Secord (plaintiff) allegedly as a result of the negligence of defendant and third-party plaintiff, Willow Ridge Stables, Inc. (Willow Ridge), and its violation of the Labor Law. Willow Ridge, the owner of the premises, appeals from an order granting the motion of third-party defendant, the contractor that employed plaintiff, for summary judgment dismissing the third-party complaint pursuant to Workers' Compensation Law § 11. Willow Ridge contends that Supreme Court erred in granting

the motion with respect to those causes of action of the third-party complaint that seek contractual indemnification and damages for breach of an agreement to provide insurance. We disagree. The construction contract does not unambiguously and expressly require third-party defendant to indemnify Willow Ridge for work-related injuries to employees of third-party defendant (*see,* Workers' Compensation Law § 11; *see generally, Weissman v Sinorm Deli,* 88 NY2d 437, 446; *Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491-492; *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153). Nor does the contract obligate third-party defendant to obtain insurance for the benefit of Willow Ridge (*see generally, Kinney v Lisk Co.,* 76 NY2d 215, 219). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.