■ Luis E. Acosta, Plaintiff, v S.L. Green Management Corp., Defendant and Third-Party Plaintiff-Appellant. Ann

SACKS TILE & STONE, INC., Third-Party Defendant-Respondent. [699 NYS2d 402] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about January 5, 1999, which granted third-party defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, and the third-party complaint reinstated.

Plaintiff was injured when he tripped and fell due to a hole in the basement of a building leased by his employer, Ann Sacks Tile & Stone, Inc. (Sacks), and owned by S.L. Green Management Corp. (Green). Subsequently, plaintiff commenced an action against Green alleging negligence. Green, in turn, commenced a third-party action against Sacks seeking contribution and indemnity. Supreme Court granted Sacks' subsequent motion for summary judgment and dismissed the third-party complaint on the ground that it was barred by the Workers' Compensation Law. This was error.

It is true that, in the absence of "grave injury", the Workers' Compensation Law bars third persons from seeking contribution or indemnity from an employer when its employee is injured in a work-related accident (Workers' Compensation Law § 11). The statute does not, however, bar such an action if the employer had a contract with the third person, prior to the accident, in which it agreed to indemnify, or contribute to payment, for a loss by the employee (*ibid.*).

Paragraph 44 of the rider to the lease between Sacks and Green contains a broad indemnification clause providing, *inter alia*, that Sacks will indemnify Green for any injuries arising out of the breach of any of the provisions of the lease. Under the terms of the lease Sacks took the premises "as is" and was required to repair non-structural defects. Here, at a minimum, there is an issue of fact as to whether the hole was a non-structural defect that Sacks was obligated to repair. Stated otherwise, if the hole is found to be a non-structural defect, Sacks' failure to repair the hole would be a violation of the lease permitting Green to invoke the indemnification provisions of paragraph 44. Thus, Sacks failed to demonstrate conclusively that this action is barred by the Workers' Compensation Law (*compare, Secord v Willow Ridge Stables*, 261 AD2d 965). Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.