OPINION OF THE COURT
James B. Canfield, J.
Third-party defendant Key Bank N. A. (Key Bank) moves to *453 dismiss the third-party action pursuant to CPLR 3211 (a) (7) on the ground that defendants and third-party plaintiffs, Brunswick Plaza L. L. C., also known as Pollock Home Center, and Robert Pollock, Inc., a New York corporation, and Brunswick Properties, L. L. C., a limited liability company (Brunswick), fail to state a cause of action that is not barred by Workers’ Compensation Law § 11.
Brunswick’s factual pleadings, which for the purpose of this motion must be assumed to be true, are that plaintiff Lisa G. Wilt (Wilt) alleges she sustained personal injuries in a slip and fall accident on property owned by Brunswick and leased to Key Bank; that the fall was precipitated by an improperly maintained sidewalk that Key Bank was responsible for maintaining; that as a term of its lease Key Bank was obligated to obtain insurance coverage for accidents at that location naming Brunswick as an “additional insured”; and that Key Bank breached its contractual obligation to obtain the coverage or otherwise failed to ensure that Brunswick would be provided with a defense and indemnification for Wilt’s action against Brunswick and is consequently obligated to reimburse Brunswick for its defense and any award that Wilt may obtain against it.
Key Bank’s claim that its contractual obligation to obtain and maintain a general liability policy naming its landlord Brunswick as an additional insured was voided by the Workers’ Compensation Law exclusion appears to make this a case of first impression. However, motions to dismiss are ill-suited to inquiring into factual and legal questions such as whether the movant has a defense (Unadilla Silo Co. v Ernst & Young, 234 AD2d 754) because the court’s sole inquiry on such motions is whether the facts as alleged in the complaint fit within a cognizable legal theory (Cron v Hargro Fabrics, 91 NY2d 362, 366). A cursory review of Brunswick’s complaint establishes that the allegations easily fit within recognized causes of action. Key Bank should have moved for summary judgment pursuant to CPLR 3212 (e.g., Matter of Lee v Maltais, 250 AD2d 951, 952, lv denied 92 NY2d 809; Secord v Willow Ridge Stables, 261 AD2d 965; Acosta v Green Mgt. Corp., 267 AD2d 67). Key Bank’s workers’ compensation argument fails because it depends on Wilt being its employee and Wilt’s injury arising “out of and in the course of [her] employment” (Workers’ Compensation Law § 10 [1]) and that information is not to be found in Brunswick’s pleadings.
Although converting this into a summary judgment motion is an option where parties have submitted evidence properly *454 considered in a summary judgment motion (CPLR 3211 [c]), conversion would serve little practical purpose in this case. Key Bank has failed to allege, much less present evidence, that Wilt’s injury is “work-related” or that Brunswick is in fact being defended and indemnified by Key Bank’s insurance company under the policy that Key Bank allegedly obtained pursuant to the terms of its lease, or that Brunswick is not entitled to a defense based on the parties’ contractual arrangement.
Key Bank also fails to meet its burden of presenting a logical argument for stretching the Workers’ Compensation Law shield of employers from liability as joint tortfeasors (Matter of Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584-585), to protect those who fail to live up to independent contractual obligations to obtain insurance coverage for others. It is noteworthy, but not surprising, that Key Bank cites no case either before or after the Legislature’s elimination of Dole v Dow Chem. Co. (30 NY2d 143), in which a third-party action based on a written contract requiring an employer to obtain insurance for another has been dismissed based on the Workers’ Compensation Law’s exclusivity. The very absence of precedents reflects that such contractual liability was neither a problem nor the Legislature’s target.
It is fundamental that a court, when interpreting a statute, should attempt to effectuate the intent of the Legislature (Matter of Majewski v Broadalbin-Perth Cent. School Dist., supra, at 583; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208; McKinney’s Cons Laws of NY, Book 1, Statutes § 92, at 176-177). In construing statutes, the starting point is looking at the statutory text, the clearest indicator of legislative intent, and determining whether there is a “plain meaning.” If the words employed by the Legislature have a definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add to or take away from that meaning (Tompkins v Hunter, 149 NY 117, 122-123; Matter of Majewski v Broadalbin-Perth Cent. School Dist., supra; McKinney’s Cons Laws of NY, Book 1, Statutes § 92, at 182). On its face, section 11 of the Workers’ Compensation Law’s sweeping exclusion of employer liability does not appear to encompass Brunswick’s lease causes of action because the claims do not “arise” from the employee’s accident, but rather from Key Bank’s alleged failure to obtain the *455 required liability insurance coverage for Brunswick. This interpretation is consistent with a recent case where the third-party action was dismissed as a result of exclusivity, but the court specifically pointed to the absence of such a contractual obligation to obtain insurance as a basis for its decision (Secord v Willow Ridge Stables, supra, at 966).
The court also rejects Key Bank’s attempts to distinguish between the contractual obligation and “indemnity” as a means of avoiding its contractual obligation to obtain insurance. As with any statute, the basic rule is that “ ‘[w]ords of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended’ ” (Matter of Drew v Schenectady County, 88 NY2d 242, 246). Although “indemnity” has been carefully distinguished from the obligation to obtain insurance coverage as required in other contexts (e.g., Kinney v Lisk Co., 76 NY2d 215), no policy would be promoted by eliminating liability where an employer fails to meet its contractual obligation to obtain liability insurance. The plain meaning of “indemnity” should be read here as including contractual agreements to obtain insurance coverage for others.
Even if the court were to assume, arguendo, that the Workers’ Compensation Law could be read literally to preclude actions for failure to meet such contractual obligations, the court would be required to employ its authority to depart from the literal language of a statute in order to uphold the legislative intent (see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 111). As noted previously, the Legislature was not troubled prior to its amendment of Workers’ Compensation Law § 11 by actions based on the failure of employers to meet their contractual obligations and clearly had no intention of creating an opportunity for employers to renege on their contractual obligations when they enacted Workers’ Compensation Law § 11. In the absence of such intent, any interpretation of the statute to create such a result must be rejected as inconsistent with the legislative intent.
Accordingly, Key Bank’s motion to dismiss is denied with $100 costs.