■ LISA G. WILT, Plaintiff, v BRUNSWICK PLAZA, L. L. C., Also Known as POLLACK HOME CENTER, et al., Defendants and Third-Party Plaintiffs-Respondents. KEY BANK, N. A., Third-Party Defendant-Appellant. [722 NYS2d 610] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered

---

February 8, 2000 in Rensselaer County, which denied third-party defendant's motion to dismiss the third-party complaint.

Plaintiff was employed by third-party defendant, Key Bank, N. A., when she allegedly sustained personal injuries after falling on property owned by defendant Brunswick Plaza, L. L. C. and leased to Key Bank. When plaintiff commenced this action against, among others, Brunswick, defendants commenced a third-party action against Key Bank alleging causes of action for indemnification/contribution and for breach of the lease provision requiring Key Bank to procure liability insurance naming Brunswick as an additional insured. Following service of its answer, Key Bank sought dismissal of the third-party complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Supreme Court denied Key Bank's motion concluding that the allegations of the third-party complaint were facially sufficient to allege cognizant causes of action. Key Bank now appeals.

We affirm. It is well settled that on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court's focus is to determine whether the factual averments of the complaint fit within any cognizable legal theory and, if so, the motion must be denied (*see, Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754). In so reviewing the pleading, the court is required to accept as true each and every allegation contained therein (*see, Cron v Hargro Fabrics*, 91 NY2d 362, 366). Applying these familiar rules, we conclude that Supreme Court properly denied Key Bank's motion for dismissal of the third-party complaint.

Key Bank argues that the third-party complaint should be dismissed pursuant to the provisions of Workers' Compensation Law § 11 because plaintiff has not sustained a grave injury as defined in that section and Key Bank did not expressly agree in a written contract to indemnify Brunswick. Key Bank further asserts that dismissal is mandated because it did procure insurance, as required by the lease, naming Brunswick as an additional insured. Regardless of whether these *defenses* may ultimately prove to have merit, they are not germane to the resolution of a CPLR 3211 (a) (7) motion where the focus is solely upon the sufficiency of the allegations of the complaint (*see, Unadilla Silo Co. v Ernst & Young, supra*, at 754).

Key Bank's arguments would be pertinent if the motion were for summary judgment (*see, e.g., Secord v Willow Ridge Stables*, 261 AD2d 965), but Supreme Court properly refused to convert this motion (*see,* CPLR 3211 [c]) since Key Bank did not expressly chart a summary judgment course (*see, Wadsworth v Beaudet*, 267 AD2d 727, 729-730). Moreover, as

Supreme Court properly noted, summary judgment would have to be denied since the record is barren of evidence that plaintiff's injuries arose "out of and in the course of [her] employment" (Workers' Compensation Law § 10 [1]), and Key Bank has presented no evidence that Brunswick is, in fact, being defended and indemnified by the insurance company which issued the policy naming Brunswick as an additional insured.

Crew III, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.