■ SUTTON PARK DEVELOPMENT CORPORATION TRADING COMPANY INC. et al., Appellants, v GUERIN & GUERIN AGENCY INC., Respondent, et al., Defendants. [745 NYS2d 622] —Mugglin, J.

A building on premises owned by plaintiffs in North Carolina collapsed during a storm on January 30, 2000. On being informed that this loss was uninsured, plaintiffs brought this action against the insurers (none of whom are parties to this appeal) and plaintiffs' insurance broker, defendant Guerin & Guerin Agency Inc. (hereinafter Guerin). Plaintiffs appeal from Supreme Court's partial grant of Guerin's CPLR 3211 (a) (7) motion, which dismissed all or parts of the fifth through tenth causes of action of the amended complaint. A complaint states a cause of action if the facts alleged fit within any cognizable legal theory (*see*, *Wilt v Brunswick Plaza*, 281 AD2d 840, 841; *Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754). A reviewing court affords the pleading a liberal construction and accepts as true the factual allegations therein (*see*, *Wilt v Brunswick Plaza*, *supra* at 841; *Dellith v Oneonta City School Dist.*, 280 AD2d 864, 865).

---

With these principles in mind, a review of the complaint in this action reveals that plaintiffs claim that Guerin became their insurance agent or broker in January 1997 and that it procured policies annually thereafter, that one of these policies covered the North Carolina property, that Guerin falsely represented that the 1999 premium of $41,894 would not increase if plaintiffs purchased their policy from Guerin in the year 2000, but the premium was actually $56,876.99, and a storm destroyed a building on the North Carolina property on January 30, 2000. Based on these factual allegations, plaintiffs' first four causes of action alleged a breach of contract for failure to pay this covered loss, ordinary negligence against Guerin for failure to obtain the policy if the loss was not insured, misrepresentation and breach of contract against Guerin based on the claimed increase in premiums, and breach of contract against Guerin based on the alleged cancellation of the policy and plaintiffs' expenses incurred in replacing it. Thereafter, without any additional allegations of fact, plaintiffs' fifth through tenth causes of action sought recovery on theories of gross negligence, breach of fiduciary duty, malpractice, conversion and an accounting, as a result of which plaintiffs sought both compensatory and punitive damages and counsel fees.

We first note that plaintiffs withdrew the seventh cause of action which sought compensatory and punitive damages, but seek the same damages pursuant to the surviving second and fourth causes of action. We further note that plaintiffs agreed that Guerin could not be considered a professional (thereby withdrawing the malpractice claim) and that plaintiffs also withdrew the request for counsel fees.

We next turn to Supreme Court's dismissal of the allegations of gross negligence contained in the fifth and eighth causes of action. We agree with Supreme Court that the pleading adequately states a cause of action for ordinary negligence. Gross negligence, however, differs in kind as well as degree from ordinary negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824). "It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*id.* at 823-824, quoting *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554). Notably missing from this complaint are any factual averments alleging conduct of such aggravated character.

Next, we agree with Supreme Court that the factual averments are insufficient to allege a breach of a fiduciary duty. While extraordinary or special circumstances may warrant imposition of liability upon an insurance broker for breach of

such a duty (*see, Murphy v Kuhn*, 90 NY2d 266, 272-273), the facts alleged herein establish nothing more than that the relationship between plaintiffs and Guerin was a common consumer-insurance broker relationship (*compare, A.J. Contr. Co. v Trident Mgrs.*, 234 AD2d 195, 195-196). Consequently, those portions of the fifth and sixth causes of action which were premised on a breach of fiduciary duty were properly dismissed. Moreover, since no breach of fiduciary duty occurred, the tenth cause of action seeking an accounting was properly dismissed (*see, Village of Hoosick Falls v Allard*, 249 AD2d 876, 879, *lv denied* 92 NY2d 807). Consequently, the pleading will not support an award of punitive damages.

We further agree with Supreme Court that plaintiffs' ninth cause of action, as pleaded, is duplicative of its breach of contract cause of action and should be dismissed. All that plaintiffs allege in the "conversion" cause of action is that Guerin failed to use the quarterly payments paid by plaintiffs to purchase insurance from the insurers and its subsidiaries which, if true, would clearly be a breach of their contract, and conversion may not be predicated merely on a breach of contract (*see, Wolf v National Council of Young Israel*, 264 AD2d 416, 417). Lastly, to the extent that the complaint can be broadly construed as a claim for the return of unearned premiums due to the sale of portions of plaintiffs' property which would then no longer need to be insured, this claim can also be litigated under the surviving breach of contract cause of action.

Crew III, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.