■ INTERNATIONAL CONTRACTORS CORPORATION, Appellant-Respondent, v ILLINOIS UNION INSURANCE COMPANY et al., Defendants, and CLG FINANCIAL, Respondent-Appellant. [913 NYS2d 800]—

---

Stein, J. Cross appeals from an order of the Supreme Court (Meddaugh, J.), entered April 9, 2010 in Sullivan County, which denied plaintiff's motion for summary judgment and denied a motion by defendant CLG Financial for, among other things, summary judgment dismissing the complaint against it.

Plaintiff is a corporation established by Johan Adriaans and his wife, Mary Adriaans, who are the sole corporate officers. The business conducted by the corporation is primarily the installation of roofs on commercial and residential buildings. In connection therewith, plaintiff contacted defendant CLG Financial, an insurance broker, to procure a policy of liability insurance and an umbrella policy. CLG secured such policies with defendant Illinois Union Insurance Company and its parent company, defendant ACE Westchester Specialty Group (hereinafter collectively referred to as defendants), for which CLG was paid a commission. In June 2005, during the period covered by the policies, plaintiff replaced a roof on a garage at the home of Laurence Spiro and Heather Spiro. Shortly thereafter, the Spiros and their guest, Judith Warren, were found dead in the Spiro home. The cause of their deaths was ultimately determined to be carbon monoxide poisoning, which apparently emanated from the home's furnace.

Approximately one year later, wrongful death actions were commenced against plaintiff on behalf of the Spiros and Warren, alleging that plaintiff negligently permitted or allowed obstruction of a rooftop vent for the furnace, thereby contributing to the deaths. Upon receiving notice of such actions from plaintiff, CLG notified defendants thereof. After defendants disclaimed coverage, plaintiff commenced this declaratory judgment action against defendants and CLG alleging, among other things, negligence, breach of contract and breach of fiduciary duty on the part of CLG. Plaintiff thereafter moved for summary judgment, seeking a declaration that CLG is obligated to defend and indemnify it and to reimburse plaintiff for all defense costs incurred prior to the date of judgment or settlement of the underlying actions. CLG opposed the motion and cross-moved for summary judgment dismissing the complaint. Plaintiff opposed the cross motion with regard to the first (breach of contract), second (negligence and misrepresentation), tenth (detrimental reliance) and eleventh (breach of fiduciary

duty) causes of action.[1] Supreme Court denied both motions and these appeals by plaintiff and CLG ensued.

We affirm. Plaintiff's action is premised on its contention that it gave reasonable notice to CLG of the occurrence at the Spiro residence in accordance with directions given by CLG to plaintiff for reporting potential or actual claims, and that CLG breached its obligations to plaintiff by failing and neglecting to timely report the occurrence to defendants and/or to monitor a potential claim. CLG primarily asserts that it breached no duty to plaintiff. CLG further asserts that, inasmuch as plaintiff failed to provide it with timely notice of the occurrence, even if it did breach a duty to plaintiff by failing to promptly report the occurrence to defendants, such failure would have been irrelevant, as defendants would have disclaimed coverage in any event. Therefore, CLG argues that its acts or omissions cannot be the proximate cause of plaintiff's damages.

According to the uncontroverted testimony of Mary Adriaans, she met with Donald Scott Leibert, CLG's representative, in 2004 to discuss plaintiff's insurance needs. Subsequent to that meeting, CLG presented plaintiff with an insurance package that included a document entitled "Business Insurance Summary for International Contractors Corp." That document described, among other things, the duties and responsibilities of CLG's "service team," which listed Barbara Walker as an account manager responsible for the coordination of all client services and Nancy Calvario as the claims coordinator. Calvario's duties included "[c]ontact person for claims reporting/involved in initial submission of claims/follow up with insurance company claims personnel. Monitors claim status/investigation and management." Leibert also testified that he advised the Adriaanses to call Calvario "[i]f you have a claim or possible occurrence that you think may be a claim . . . [and] she will report it on your behalf to the insurance carrier so they have knowledge of the claim and coordinate contact with the carrier thereafter during the claim process."

The insurance policy ultimately procured by CLG on plaintiff's behalf included both general liability and umbrella coverage. Under the general liability policy, the insured was required to notify the carrier of an occurrence, claim or suit "as soon as practicable." The umbrella portion of the policy contained a similar provision, but required notice to the carrier "as soon as

---

1. Plaintiff discontinued its action (which included the ninth cause of action) against defendants and withdrew the motion as to defendants prior to Supreme Court issuing its decision and order. In addition, plaintiff consented to the dismissal of the third through eighth causes of action.

possible." It is well settled that, when notice of an occurrence is required to be given as soon as practicable pursuant to a policy of liability insurance, such notice must be given within a reasonable period of time (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117, 1118 [2007]). However, failure to provide notice may be excused when the insured has a reasonable good faith belief of nonliability (*see Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d at 1118). The question of reasonableness is generally a question of fact for a jury (*see id.* at 1119).

Here, the record is replete with conflicting testimony and documents regarding when, and to what extent, plaintiff informed CLG of the Spiro occurrence prior to commencement of the wrongful death actions against it (with plaintiff alleging that such notice first took place in August 2005 and CLG alleging that it first received a "vague" notice in November 2005, with insufficient detail to enable it to notify defendants of a potential claim). Moreover, Mary Adriaans testified that when she and her husband first received correspondence regarding investigations into the deaths at the Spiro residence and inspections of the furnace, they believed that, since plaintiff had performed only roofing work, the accident did not involve them. Based on our review of the entire record, including the Business Insurance Summary, the deposition testimony of the Adriaanses, Calvario and Leibert,[2] we agree with Supreme Court's determination that, although plaintiff has sufficiently alleged facts and offered evidence to support its causes of action for breach of contract, breach of a fiduciary duty and negligence, questions of fact exist as to whether CLG owed a special duty to plaintiff upon which plaintiff justifiably relied (*compare Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 158 [2006]; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865, 867 [2009]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency*, 297 AD2d 430, 431-432 [2002]) and as to whether any duty owed by CLG to plaintiff was breached. The record also reflects the existence of issues of fact concerning whether any delay by plaintiff in reporting the occurrence to CLG was reasonable and, thus, whether any breach by CLG caused plaintiff's damages. Accordingly, Supreme Court properly determined that neither party was entitled to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 65 [2004]).

2. Notably, the record is bereft of any testimony by Walker pertaining to Mary Adriaans' alleged telephone conversation with her in August 2005.

The parties' remaining contentions have been reviewed and, to the extent they are properly before us, are either academic or without merit.

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.